Savannah, Fla. & Western Railway Co. *v.* Watson.

It was error to refuse to allow defendant to amend its plea of the general issue by filing a plea of the statute of limitations, though the jury had been charged with the case and had retired to their room, and though plaintiff's counsel stated he would be surprised by the amendment, that his client had been sent home before he knew of the offer to amend the plea, and that were his client present he could testify to such facts as, in his opinion, would take the case out of the bar of the statute.

March 16, 1891. Argued at the last term.

Practice. Amendment. Pleading. Continuance. Before Judge Bower. Decatur superior court. May term, 1890.

Reported in the decision.

D. A. Russell, for plaintiff in error.

Donalson & Hawes, by J. H. Lumpkin, *contra.*

Simmons, Justice.

The jury had been charged with this case, and had retired to their room. After they had been out all night, the defendant proposed to amend his plea of the general issue by filing a plea of the statute of limitations. Plaintiff's counsel stated that he would be surprised by the amended plea; that his client had been sent home by him before he knew of the offer to amend the plea; that were his client present, he could testify to such facts as, in his opinion, would take the case out of the bar of the statute. The court refused to allow the plea to be filed, and this was the main ground of exception argued before us.

Section 3479 of the code provides as follows: "All parties, whether plaintiffs or defendants, in the superior or other courts (except the Supreme Court), whether at law or in equity, may, at any stage of the cause, as matter of right, amend their pleadings in all respects, whether in matter of form or of substance, provided there is enough in the pleadings to amend by." Under this section, we think the court erred in refusing to allow the amendment, even at the late stage of the case then on trial. This is a very broad provision in the law for amendments. It declares that either of the parties may, *at any stage of the case*, as matter of right, amend their pleadings in all respects, etc. While the facts of this case show gross negligence on the part of the defendant in not sooner offering this amendment, yet, under this section, he had a right to make it at any time before the jury returned their verdict. Of course, had it worked a surprise upon the plaintiff, he would have had a right to continue the cause at the expense of the defendant, and the court should, before allowing the amendment, have put the defendant upon terms, as is provided for in section 3482 of the code.

While we think this is the proper construction of this section of the code, we also think the section goes too far in allowing amendments. We think the right to amend ought, at least, to cease after the jury have been charged with the case and have retired to their room. It frequently works a great hardship upon the courts, at great expense to the county. I have known several instances where cases have occupied the court for days, and at the last stage of the trial one of the parties would offer an amendment which would cause the case to be continued. Besides, it is an inducement to laziness and negligence on the part of counsel.

*Judgment reversed.*