*E. A. Hawkins,* for defendant.

---

6781, 6782. COOK *v.* ROME RAILWAY & LIGHT COMPANY; and *vice versa.*

RUSSELL, C. J. 1. The court did not err in disallowing the amendment to the petition.

2. A plea that the plaintiff's cause of action is barred by the statute of limitations is a plea in bar, and not a dilatory plea. The court erred in disallowing the amendment setting up that the plaintiff's action was barred by the statute of limitations. *Savannah, Florida & Western Ry. Co.* v. *Watson,* 86 *Ga.* 795 (13 S. E. 156).

3. The court erred in directing a verdict.

*Judgment reversed on both bills of exceptions.*

DECIDED FEBRUARY 18, 1916.

Action for damages; from city court of Floyd county—Judge Reece. June 10, 1915.

The petition alleged, in brief, that the plaintiff was struck on the left temple by a car of an electric railway operated by the defendant, which approached from the rear, as she was about to cross the railway-track on a path which turned to the left at that point, and on which she had been walking alongside the right of the track for some distance; that this path had been in constant use by the public from the time the railway was built; that she entered the path on an embankment, which ran along the railway-track for a distance of about 75 yards, and the person operating the car could have seen her for a distance of 100 yards before she was struck by the car; that the car was running down grade at a speed of 25 miles an hour; that the noise of a train on another track prevented her from hearing the approach of this car; that the motorman in charge of the car was not looking in front of it when she was struck or during the time it was running from a distance of 100

yards back of the point where she was struck, and no signal of its approach was given; that "the sole cause of her injury was the failure of said motorman to look in front of his car and on the track;" and that he was negligent in running the car at high and reckless speed, under the conditions alleged, without having his eyes in front of the car and on the track, and without giving the plaintiff notice of the approach of the car.

The proposed amendment to the petition was as follows: "Plaintiff alleges that at the time of said injury aforesaid the defendant had permitted and there was growing upon the defendant's right of way for a distance of 100 yards between said path and the defendant's track and on said embankment a row of shrubs and bushes and grass and undergrowth, which cut off the view of petitioner from said motorman and kept said motorman from seeing petitioner as she walked along in said path on said embankment; that if said trees and shrubs and bushes and growth aforesaid had not been allowed to grow and remain on said right of way of defendant and said embankment, said motorman who had said car in charge would have and could have seen petitioner as she walked along in said path aforesaid, and would not have run said car into petitioner as aforesaid. Petitioner charges that it was negligence in the defendant in permitting said shrubs and bushes and growth to remain on said right of way, and that it was negligence in the defendant in not cutting and removing said shrubs and growth from said right of way." The amendment was objected to and disallowed on the ground that it was irrelevant.

*Eubanks & Mebane,* for plaintiff in error.

*L. H. Covington, Dean & Dean,* contra.