### 22335. THIGPEN *et al.* v. HALL.

STEPHENS, J. 1. Where an application for compensation under the workmen's compensation act is dismissed by the commissioner upon the ground that it appears from the evidence that the claimant has pending a suit at law against the employer to recover damages alleged to have arisen out of the accident complained of, and it is provided in the order dismissing the case that when the claimant can show that the tort action has been dismissed or disposed of, "the case will be assigned by the industrial commission if the facts furnished in the application authorize such action," and the hearing of the case is later resumed before another commissioner, and the employer appears and participates in the hearing and no objection is raised at the hearing upon the ground that the application for the second hearing was not made within a year from the date of the injury as required of applications for compensation, the second hearing is but a continuance of the original case; and, even assuming that the second application should have been brought within a year from the date of the injury, the failure of the employer to object to the second hearing upon this ground amounts to a waiver of a failure, if any, of the claimant to file an application for compensation within the required time, and the commissioner has jurisdiction at the second hearing to hear and determine the application for compensation, and the award of compensation made is not subject to exception upon the ground that the application for the second hearing was not made within the period of one year from the date of the injury.

2. It appearing that the two defendants owned and operated a sawmill and the business of bringing the logs to the sawmill, and that they jointly hired the claimant, that the operation of the sawmill and the logging constituted one business, and in the conduct of such business more than ten men were employed, and the injuries to the claimant, which resulted from his falling off a tractor which he was operating in hauling logs, arose out of and in the course of his employment by both defendants, the industrial commission did not err in awarding compensation against both defendants.

3. The superior court did not err in affirming the award.

*Judgment affirmed.* *Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 4, 1933.

*M. C. Barwick,* for plaintiff in error.
*J. O. Gibson, Waldo DeLoache, Perry & Tipton,* contra.