28316. UNDERWOOD *v.* AMERICAN BOOK COMPANY.

MacINTYRE, J. This case is controlled adversely to the plaintiff in error by the companion case of *Underwood* v. *Heath,* ante, 180.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*

DECIDED NOVEMBER 26, 1940. REHEARING DENIED DECEMBER 20, 1940.

*G. H. Williams, Berner Williams,* for plaintiff in error.
*Hal M. Smith,* contra.

ON MOTION FOR REHEARING.

MacINTYRE, J. Conceding that certain of the items sought to be recovered by the plaintiff in its suit on open account were barred by the statute of limitations (and this appears from the face of the record), it is not a sufficient reason on motion by the defendant, after verdict (or verdict and judgment), to dismiss or set aside the verdict or verdict and judgment. The bar of the statute of limitations is a personal right of the debtor, and no third party can take advantage of it. The word "personal" in this connection must not be taken in its literal sense as synonymous with the word "individual," for the scope of the rule extends beyond the individual person of the debtor and permits all his privies, whether in law or in fact, to plead the bar of the statute wherever the debtor himself could have pleaded it. The defense is personal only in the sense that it does not inure to the benefit of strangers.

The bar of the statute is a privilege to the defendant, the benefit of which he may elect to take advantage of or waive as he pleases. The statute in most instances operates upon the remedy and not the right; and hence if the defendant chooses not to raise the objection of the lapse of the statutory time the right will be enforced, and will result in a judgment which will possess all the attributes of, and be as effective as, a judgment rendered within the statutory period. Ingram's Georgia Pleading and Practice, 510, § 349.

The statute does not destroy the debt so effectually that it can not be revived; "All that it does is to open the courts to the debtor and invite him to enter and protect himself from his obligations by pleading its provisions in bar of a recovery. It does not compel him to do this any more than it constrains him to insist upon that or any other rule of law established in his favor, but he may waive or renounce it, when he does not by so doing injure others or affect the public interests or abrogate or do away with enactments made for the preservation of public order or good morals. . . That honesty is the best policy is generally, if not universally, conceded, and it will not be seriously contended by any one that our law discourages and prohibits rather than encourages and promotes the faithful discharge of obligations honestly undertaken." *Pittman* v. *Elder,* 76 *Ga.* 371, 376. The proper method of raising the bar of the statute is either by special plea, or by a special demurrer. *Darnell* v. *Toney,* 39 *Ga. App.* 710 (148 S. E. 279); *Burch* v. *Wofford-Terrell Co.,* 52 *Ga. App.* 685 (184 S. E. 419), and cit. The bar of the statute was not in the instant case raised either by special plea or special demurrer, or in any other manner before verdict and judgment, and the defendant, having failed to so do, waived his right by implication and the judgment against him is good. *Peel* v. *Bryson,* 72 *Ga.* 331; 37 C. J. 721, § 40. Upon an examination of the record we find that the suit in question was filed March 29, 1939, and that there was a purchase made on the account sued on as late as March 19, 1937. The statutory period with reference to an open account is that the suit thereon must be brought within four years after the right of action shall have accrued. Code, § 3-706. It therefore appears that a cause of action existed for at least some amount, however small, so far as the statute of limitations is concerned. If the amount of the verdict and judgment is contrary to the evidence as to the amount,

the proper method of raising the issue is by motion for new trial. The motion in arrest of judgment, which is in fact a motion for new trial, not having been filed in time, we correctly held that this case was controlled adversely to the plaintiff in error by *Underwood* v. *Heath & Co.*, ante.

*Rehearing denied. Broyles, C. J., and Gardner, J., concur.*