30953. ST. PAUL MERCURY INDEMNITY COMPANY *et al*
*v.* OAKLEY.

DECIDED SEPTEMBER 7, 1945. REHEARING DENIED OCTOBER 24, 1945.

*T. Elton Drake,* for plaintiffs in error.

*Bryan, Carter & Ansley,* contra.

FELTON, J. Whether or not the board was correct in finding that the letter from the claimant's attorneys was a valid claim and filed within one year from the death of the employee (Code, § 114-305), under the facts of this case the employer and insurance carrier waived the late filing of the claim, if a claim was in fact filed too late. The question was not raised before the board on either hearing, and the letter from the attorney for the employer and insurance carrier to the board, dated November 10, 1944, was in effect an application for a hearing in the case as to the present claimant and Mrs. Bessie Furnandiz, the other so-called claimant in the case. If the evidence developed by the hearing which was called for by that letter, and which was held, had shown that Mrs. Furnandiz was the true claimant entitled to compensation, it could hardly be said that the employer and insurance carrier could contend that an award to her was illegal because she had not filed a claim. In fact, she was awarded $100 to reimburse her for the amount she had paid on the funeral expenses. This letter in effect brought in another claimant and recognized the existing claim. The one-year limitation is for the benefit of the employer and insurance carrier in order to prevent claims from being filed after long lapses of time, which would result in much difficulty in establishing the truth and subject the employer and insurance carrier to greater risks, and the limitation may be waived. This court has held that the failure to raise the question of the time of

the filing of a claim *at the hearing of the case* is a waiver of the time of such filing. *Thigpen* v. *Hall,* 46 *Ga. App.* 356 (167 S. E. 728); *Jones* v. *American Mutual Liability Ins. Co.,* 48 *Ga. App.* 351, 353 (5) (172 S. E. 600). The court did not err in affirming the award to the claimant, Mrs. Maud Margaret Oakley.

*Judgment affirmed. Parker, J., concurs.*

SUTTON, P. J., concurring specially. I concur in the judgment of affirmance, and am of the opinion that the Board of Workmen's Compensation, under the record and by giving the act a broad and liberal construction, was authorized in holding that the claim was filed within the time required by law.