Under the facts of this case the employer and insurance carrier waived the late filing of the claim, if it was in fact filed too late. The court did not err in affirming the award to the claimant.
 DECIDED SEPTEMBER 7, 1945. REHEARING DENIED OCTOBER 24, 1945. *Page 98 
Albert Edward Oakley died on September 14, 1943, as the result of an accident arising out of and in the course of his employment by F. J. Cooledge Sons in Atlanta, Georgia. On September 6, 1944, the State Board of Workmen's Compensation received the following letter from a law firm in Detroit, Michigan, dated August 31, 1944: "Re: Albert Edward Oakley, Deceased — F. J. Cooledge Sons. We represent the widow of an individual who died as the result of injuries sustained by an Atlanta manufacturing company. At the time of his death the deceased and his widow were separated, and the deceased was living with another woman. Subsequent to his death, the other woman made a claim for compensation as his wife. We have notified the company and the attorneys for the company that this claim is fraudulent, and we have been advised by the attorneys for the company that the matter will have to be tried by the State Board of Workmen's Compensation. We are prepared to file a petition, requesting the necessary trial. In this State, however, the board has printed forms which meet its requirements, and we are wondering if you follow the same procedure. If so, would you kindly forward to us whatever forms are necessary, under your procedure, for the filing of this claim."
The secretary-treasurer of the board replied to this letter on the date it was received, as follows: "In compliance with your request of August 31, 1944, which was not received by this office until September 6, 1944, we are enclosing herewith blank forms on which to make application for a hearing in connection with above case. Upon receipt of this application properly executed, the case will be docketed and we will assign it for hearing in Atlanta, Georgia, as soon as a date can be arranged at which time you and the other interested parties will receive due notice. For your information, claim must be made with this board within one year from the date of the employee's death. If we can be of further assistance to you, please do not hesitate to call upon us."
On September 22, 1944, the board received a letter, with formal proof of claim and application for a hearing. The case was assigned for a hearing, and one was held on October 24, 1944 before a single director. On this hearing the attorney for the employer *Page 99 
and insurance carrier made certain statements as shown by the following:
"The Director: Gentlemen, we will call this case of Albert Edward Oakley, deceased, Mrs. Maud Margaret Oakley, widow claimant, against F. J. Cooledge Sons, employer, St. Paul Mercury Indemnity Company. You represent the claimant?
"Mr. Carter: I represent the claimant, that is right, Mrs. Maud Margaret Oakley.
"The Director: Are you ready?
"Mr. Carter: I think we are ready.
"Mr. Drake: With the agreement we have had, your honor, there has been quite some correspondence in this case about maybe a conflict of claimants, the wives. The facts originated back up in Windsor, Canada. This man was living in Atlanta at the time with another woman, holding himself out as her husband, living together as man and wife on Dill Avenue. He was accidentally killed under circumstances bringing the case under the purview of the workmen's compensation act, out of and in the course of his employment. While we were about to enter into agreements to pay claimant in Atlanta, we get a letter from a law firm, I believe in Detroit, advising us there was another claimant, and I talked to Mr. Carter the other night; there are certain facts we will want brought out in Detroit. I am going to ask the board to submit the file there so we can question certain witnesses there in order we may be sure as to who is the right claimant, if either one of them is entitled to recover.
"The Director: Is it your contention he has two living wives?
"Mr. Drake: I am not in a position to make a contention either way. If anybody is entitled to it, naturally I want the proper party to get it. I don't know the situation, it is something I think should be rather thoroughly gone into.
"The Director: How are you going to get this evidence?
"Mr. Drake: Before the board of Michigan, by having this board submit the file to the Michigan board.
"Mr. Carter: I think there would be no objection so far as Mrs. Oakley is concerned to refer it to the Michigan board for the taking of additional testimony in Detroit, and of course we want to know about the time and place so we and we would want to have an opportunity, if it wasn't complete, maybe to introduce additional *Page 100 
evidence there or bring additional evidence before the board here.
"Mr. Drake: The other woman is now living up there; I think to complete your file you ought to have a complete picture, I think this board has jurisdiction.
"The Director: Let's find out about the facts. Go ahead, Mr. Carter.
"Mr. Carter: Elton, there is no dispute about the fact he died out of an accident arising out of and in the course of his employment?
"The Director: You admit everything except dependency?
"Mr. Drake: He made $245 per month.
"Mr. Carter: He made $245 per month?
"Mr. Drake: Yes, sir."
On November 10, 1944, after the hearing above referred to, the attorney for the employer and insurance carrier wrote to the board as follows: "This acknowledges receipt of your letter of November 3rd. 1944, in connection with the above matter. We desire to take the evidence of Mrs. Bessie Furnandiz, who was known in Atlanta as Mrs. Bessie Wallace Oakley. Her address, according to my file is c/o V. M. Phillips, 2537 14th Street, Apartment 1, Detroit, Michigan. However, this is to be verified. I will have counsel for the company, Messrs. Kerr, Lacy 
Scroggie, notify the compensation commission of Michigan her exact address. We desire notice of the hearing sent to Messrs. Kerr, Lacy Scroggie. Dime Building, Detroit 26, Michigan. The purpose of this hearing in Michigan is to obtain the evidence of Mrs. Bessie Furnandiz, who was living with the decedent at the time of his death, at 1010 Dill Avenue, Atlanta, Georgia, and also to introduce any documentary evidence that may relate to any marriage or divorce that may have been applied for or obtained in that jurisdiction, and to introduce any witness or witnesses who may give facts concerning the marital status of the decedent and Mrs. Maud Margaret Oakley, or Mrs. Bessie Furnandiz. May I suggest that the file be forwarded to the Michigan commission for the purpose of taking additional evidence, and that Messrs. Kerr, Lacy Scroggie produce all witnesses desired to be examined. We, of course, will defray all expenses of this procedure."
It nowhere appears in the record that the employer or the insurance *Page 101 
carrier ever made the contention that the claim of Mrs. Maud Margaret Oakley was not filed in time either before or at the hearing in Atlanta. The case was referred to the Michigan commission for the purpose of taking evidence, and no question as to the time of the filing of the claim was made at that hearing. The board found for the claimant, Mrs. Margaret Oakley, and found that the letter from her attorneys, dated August 31, 1944, and received by the Board on September 6, 1944, was a valid claim and was filed in time. If the contention that the claim was filed too late was made, it must have been made after one or both of the hearings aforesaid. The employer and insurance carrier appealed. The award was affirmed by the superior court, and the employer and insurance carrier except to that judgment.
Whether or not the board was correct in finding that the letter from the claimant's attorneys was a valid claim and filed within one year from the death of the employee (Code, § 114-305), under the facts of this case the employer and insurance carrier waived the late filing of the claim, if a claim was in fact filed too late. The question was not raised before the board on either hearing, and the letter from the attorney for the employer and insurance carrier to the board, dated November 10, 1944, was in effect an application for a hearing in the case as to the present claimant and Mrs. Bessie Furnandiz, the other so-called claimant in the case. If the evidence developed by the hearing which was called for by that letter, and which was held, had shown that Mrs. Furnandiz was the true claimant entitled to compensation, it could hardly be said that the employer and insurance carrier could contend that an award to her was illegal because she had not filed a claim. In fact, she was awarded $100 to reimburse her for the amount she had paid on the funeral expenses. This letter in effect brought in another claimant and recognized the existing claim. The one-year limitation is for the benefit of the employer and insurance carrier in order to prevent claims from being filed after long lapses of time, which would result in much difficulty in establishing the truth and subject the employer and insurance carrier to greater risks, and the limitation may be waived. This court has held that the failure to raise the question of the time of *Page 102 
the filing of a claim al the hearing of the case is a waiver of the time of such filing. Thigpen v. Hall, 46 Ga. App. 356
(167 S.E. 728): Jones v. American Mutual Liability Ins. Co.,48 Ga. App. 351, 353 (5) (172 S.E. 600). The court did not err in affirming the award to the claimant, Mrs. Maud Margaret Oakley.
Judgment affirmed. Parker, J., concurs.