44796. DILL et al. v. GUTHRIE et al.

PANNELL, Judge. Charles Dill, Helen Dill, and Michele A. Dill, a minor, by her next friend and father, Charles Dill, brought an action against Mary Guthrie and Sam E. Guthrie seeking recovery for injuries arising out of an automobile collision which occurred on August 25, 1967. The action was brought on April 8, 1969. Service was sought in the alternative, both

under the Nonresident Motorists' Act (Ga. L. 1957, pp. 649, 650; *Code Ann.* § 68-808) and under what is referred to as the Georgia Long Arm Statute (Ga. L. 1966, p. 343; Ga. L. 1968, p. 1419; *Code Ann.* § 24-113.1, et seq.). Service was had pursuant to the Nonresident Motorists' Act but was not had pursuant to the Georgia Long Arm Statute, at least, the record failed to discuss such service. *Held:*

1. In *Young v. Morrison,* 220 Ga. App. 127, 130 (137 SE2d 456), the Supreme Court of this State held that "So much of the 1957 Act, supra, as authorizes a suit against any person who is a bona fide resident of another State and who was a resident of this State when the cause of action arose, is violative of Art. I, Sec. I, Par. III of the Georgia Constitution (*Code Ann.* § 2-103; Const. of 1945), and the Fourteenth Amendment of the United States Constitution (*Code* § 1-815) in that it is a denial of due process and therefore void." Accordingly, no jurisdiction was obtained over the defendant here by reason of service through the Secretary of State under the Nonresident Motorists' Act.

2. The record not disclosing that any service was had otherwise under the Georgia Long Arm Statute, no jurisdiction was obtained of the nonresident defendants by the courts of this State.

3. The fact that the appellant in the statement of facts in his brief stated that such other service had been had and the appellee in his first brief, filed before argument, stated that these facts were essentially correct, but thereafter in a supplemental brief before argument, controverted this fact, does not call for an application of Rule 17 (b), which provides that "If the appellee should fail to do so [controvert the statement of facts by the appellant], he will be held to have consented to a decision of the case on the statement made by the appellant. Except as controverted, the statement of facts by the appellant may be accepted by this court as being prima facie true."

4. Accordingly, we must hold that the trial court was correct in sustaining the plea to the jurisdiction filed by the defendants. Nothing herein contained shall be construed as holding that the Georgia Long Arm Statute applied to the cause of action asserted in the present case. See in this connection *Buckhead Doctors' Building, Inc. v. Oxford Finance Co.,* 120 Ga. App. 516.

*Judgment affirmed. Hall, P. J., and Quillian, J., concur.*
ARGUED OCTOBER 8, 1969—DECIDED OCTOBER 21, 1969.

*Mitchell & Mitchell, Warren N. Coppedge, Jr.,* for appellants. *Pittman & Kinney, L. Hugh Kemp, Donald Loggins,* for appellees.