### 48254. HOUSE v. ECHOTA COTTON MILLS, INC.

EBERHARDT, Presiding Judge. In this appeal of a workmen's compensation case it appears that the claimant was employed by Echota Cotton Mills when, in the latter part of May (amended to May 22), 1970, he suffered a back injury while moving materials on a hand truck. He was out for approximately one week and returned to the job and worked until June 4, 1970, when he quit and "took another job making more money" with his brother who was in the air-conditioning business. His regular work with Echota Mills had been doffing cloth—taking rolls from the looms, some of them heavy and some light—and running a quill machine. At his brother's business he installed insulation, cut and installed sheet metal, and the like. In the winter or spring of 1971 he left his brother and obtained a job with the Chevrolet agency at Rome, washing and parking cars, and after working there for a while went to Outdoor Carpets, where he put glue on the backing of carpeting with a glue machine. He thought the work on the jobs after leaving Echota Mills was lighter in nature, and testified that he did not, at any of them, re-injure himself. He had made more money on all of them than he had made on the mill job.

Although he did not re-injure himself, "my back just kept getting worser and worser, and kept hurting and hurting, and whenever I would go to bed it was just getting worser and worser," he

testified. He continued working for the other employers, in the order stated, until May 4, 1972, when he quit and asserted that he was incapacitated for work.

On September 15, 1972, he filed with the board a claim against Echota Mills, seeking compensation on the basis of an aggravation of the prior injury which occurred during his employment with the mill.

The matter came on for hearing and at the conclusion of the evidence counsel for Echota Mills moved for dismissal on the ground that it appeared from the uncontradicted evidence that the statute of limitation had run against his claim insofar as Echota Mills was concerned, and the motion was granted.

An appeal was entered to the superior court, where the findings and award of the Deputy Director were affirmed, and claimant appeals. *Held:*

1. The record discloses, and claimant does not assert otherwise, that he was not employed by Echota Mills at any time after June 4, 1970, when he left to take another job. If there has been aggravation of the injury which kept him out for a week when, on May 22, 1970, he was injured, it must have occurred while on the job of one or more of the subsequent employers. Indeed, that is the basis of his claim. He cites and relies upon *Aetna Casualty &c. Co. v. Cagle,* 106 Ga. App. 440 (126 SE2d 907); *Noles v. Aragon Mills,* 114 Ga. App. 130 (150 SE2d 305); *Mallory v. American Cas. Co.,* 114 Ga. App. 641, 643 (152 SE2d 592); *Pacific Employers Ins. Co. v. Ivey,* 118 Ga. App. 299 (163 SE2d 435); *National Union Fire Ins. Co. v. Johnston,* 122 Ga. App. 332 (177 SE2d 125); *Thomas v. Ford Motor Co.,* 123 Ga. App. 512 (181 SE2d 874); and *Travelers Ins. Co. v. Hall,* 128 Ga. App. 71 (195 SE2d 679).

All of these cases hold that where an employee continues in his work and the original injury becomes aggravated to the extent that he can no longer do the job, he has suffered a new injury and that it is compensable. In all of them the employee has continued working for the same employer. And where the statute of limitation issue was raised we held that it began to run from the time the employee could no longer continue on the job; thus a filing of the claim within a year from that date would be timely. To the same effect is *Blackwell v. Liberty Mut. Ins. Co.,* 230 Ga. 174 (196 SE2d 129).

We have never before been confronted with the question of whether the rule of these cases applies to an employee who voluntarily left the employment where he suffered the injury,

worked at various types of other jobs for other employers and finally arrived at the point where he could no longer continue on the job for the other employer because of a claimed aggravation of the original injury while on the jobs of other employers. The question is really whether the "new accident" occurred while "in the course of his employment." The aggravation may have occurred while in the course of and out of his employment on the jobs of one or more of the other employers, but does this entitle him to compensation from the employer for whom he worked when the injury, now aggravated, occurred? We conclude that it does not.

Section 114-102 defines "injury" as meaning "only injury by accident *arising out of and in the course of the employment.*" What is meant by *the* employment? We conclude that it means the employment with the party from whom compensation is sought. And how can it be said that it arises out of or in the course of the employment of that party if it occurs while working at a different employment, different kind or type of work and for a different employer?

His claim must rest upon the "new accident" theory, as we have held in the cases cited above, and as was held by the Supreme Court in *Blackwell v. Liberty Mut. Ins. Co.,* 230 Ga. 174, supra, and the "new accident" did not occur while claimant was in the employment of Echota Mills.

Any claim that the claimant may have had arising out of the original injury was barred by Code § 114-305 because no claim was filed therefor within a year from the time it occurred.

2. Appellant contends that since counsel for Echota Mills did not invoke the defense of statute of limitation until the close of the evidence, it was waived. We do not agree. This may have been true if the defense had not been urged until after an award had been made, but the defense is available at any time prior to the award in a workmen's compensation proceeding, when it appears that the time for filing the claim had run, since the proceeding is administrative in character, where formal pleadings by the parties are not required. *Lumberman's Mut. Cas. Co. v. Layfield,* 61 Ga. App. 1, 3 (5 SE2d 610); *Thigpen v. Hall,* 46 Ga. App. 356 (1) (167 SE 728). It is not required that a plea of the statute of limitation be filed, even in a suit at law, prior to a time when the evidence discloses that the matter is barred. *Savannah F. & W. R. Co. v. Watson,* 86 Ga. 795 (13 SE 156); *Cook v. Rome R. &c. Co.,* 17 Ga. App. 665 (2) (87 SE 1096). The defense against appellant's

claim was timely invoked and there was no waiver. *Maryland Cas. Co. v. Smith,* 122 Ga. App. 262 (176 SE2d 666) is distinguishable upon the facts and has no application to this situation.

*Judgment affirmed. Pannell and Stolz, JJ., concur.*

SUBMITTED JUNE 1, 1973 — DECIDED JUNE 15, 1973 — REHEARING DENIED JULY 10, 1973 —

*Mitchell, Mitchell, Coppedge & Boyett, Warren N. Coppedge, Jr.,* for appellant.

*Chance & Maddox, R. F. Chance,* for appellee.