48364. RAILEY et al. v. STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY et al.

EBERHARDT, Presiding Judge. On July 31, 1970, Helen Beverly Talley drove an automobile into the rear of one operated by Myrtle Jean Railey which had been stopped at a street intersection in obedience to a red light. On April 3, 1971, Myrtle Jean Railey and her husband, Calvin C. Railey, brought suits in the State Court of Walker County against Helen Beverly Talley, seeking damages for a neck and back injury alleged to have been suffered in the collision. The pleadings in each case were substantially the same.

No service of any kind in either suit was perfected on the defendant Talley within 30 days from the issuance of the summons. The sheriff had attempted service, but could not find her in the county and entered a non est inventus as his return.

Plaintiffs Railey had State Farm Mutual Automobile Insurance Company served with a copy of the complaint and summons, as if it were a defendant, under the provisions of the Uninsured Motorist Statute, Code Ann. § 56-407.1 (e), that being a company with which the plaintiffs had a liability insurance policy. Service was made on it April 5, 1971.

On May 4, the defendant Talley not having been served and not having appeared, State Farm filed pleadings in its own name, as was authorized by the Uninsured Motorist Statute, urging that the complaint failed to state a claim on which relief could be granted and that since there had been no service of the complaint

and summons on the defendant Talley, the court had no jurisdiction to proceed in the matter.

Thereafter, State Farm filed a third party complaint against Liberty Mutual Insurance Company and Carolyn Jean Caldwell, alleging that the vehicle which the defendant had operated on the occasion involved was owned by Southern States Fleet Leasing, Inc., which had leased it to Carolyn Jean Caldwell, that the vehicle was insured under a policy provided with Liberty Mutual under the rental agreement, that Caldwell had permitted the defendant Talley to drive it, and further alleging that Liberty Mutual had investigated the accident, conceded liability and made substantial payments to the plaintiff for her actual damages.

Liberty Mutual filed a special plea to the jurisdiction, urging that it was not a resident of Walker County, that there was a lack of venue as to it, that there had been a lack of service on the defendant Talley, and that State Farm had no standing to bring the third party complaint. Subject to these and other defenses, Liberty Mutual answered, counterclaimed against State Farm for its expense in defending against the third party claim, and cross claimed against Carolyn Jean Caldwell alleging that she had violated the lease contract in permitting the defendant Talley to drive the car.

On November 29, 1971, Liberty Mutual moved to dismiss and for judgment on the pleadings.

Plaintiff amended July 29, 1972, alleging that the defendant Talley had removed herself from the State of Georgia and could not be served therein; that she was residing at a stated address in Tennessee, and sought an order for service by publication under the provisions of CPA § 4 (e) (1) (iii), Code Ann. § 81A-104 (e) (1) (iii). State Farm filed objections to the granting of the order, urging that the provisions of CPA § 4 (e) (1) (iii) had no application to this type of action, and that if so it would be unconstitutional. Liberty Mutual likewise filed objections, urging inapplication of the statute to this action and that, if it were applicable it was unconstitutional. Carolyn Jean Caldwell filed a similar response.

On August 18, 1972, an order for service by publication on Talley was granted. Summons for publication was issued August 22, 1972.

On September 5, 1972, an order was entered naming Bobby Lee Cook, James F. Neal, Aubrey B. Harwell, Jr., and the Sheriff of

Davidson County, Tennessee as parties who might serve the defendant personally with a copy of the complaint and summons, but it was never done.

Orders were later entered striking as parties to the action Southern States Fleet Leasing, Inc., Carol Jean Caldwell, and striking the counterclaim against State Farm, and the third party claim against Caldwell.

On April 5, 1972 an order was entered revoking the order for service by publication since "the court is of the opinion that application for the order was made after the statute of limitation had run on plaintiff's claim." The petitions were dismissed, and plaintiffs appeal.

The issue on appeal is whether there was service on the defendant Talley under which the plaintiffs could proceed with the actions.

We must consider, in this connection, whether (a) the statute of limitation had run against the actions (b) the attempted service by publication was valid, and (c) whether the plaintiffs may proceed to obtain judgments in personam relying upon service by publication.

1. (a)  An action for injury to the person must be brought within two years after the right of action accrues. Code Ann. § 3-1004. The statute is tolled, however, where the defendant removes himself to another state, until he returns to this state to reside. Code § 3-805. This exception applies alike to actions in contract and in tort. Code § 3-1005.

(b)  The tolling by reason of removal from this state applies only if the removal makes it impossible to perfect service on the defendant. It has generally been held that if process could be lawfully served on the defendant, thus enabling the plaintiff to proceed with his action, the period of the defendant's absence from the state is not to be excluded from the period of limitation, and the statute continues to run during the absence. Commonwealth Loan Co. v. Firestine, 148 Ohio St. 133 (73 NE2d 501, 172 ALR 993); Arrowood v. McMinn County, 173 Tenn. 562 (121 SW2d 566, 119 ALR 855); Anno. 94 ALR 485 and 119 ALR 859.

(c)  Whether the statute of limitation has run, therefore, is dependent upon whether plaintiffs had available a method of perfecting lawful service on the defendant, though she has removed herself to another state and no longer resides in this state.

(d)  Generally, one who seeks to obtain an in personam judgment

must accomplish personal service on the defendant, for otherwise there is a lack of due process. Art. VI, Sec. XIV, Par. VI, Constitution (Code Ann. § 2-4906); *Young v. Morrison,* 220 Ga. 127 (137 SE2d 456). That this was not accomplished is conceded.

(e)   Is there any available method by which plaintiffs may proceed? There is the Nonresident Motorist Act which provides for service on the Secretary of State as the agent for a nonresident who uses the public streets and roads of this state for vehicular travel. But it is alleged in the complaint that the defendant "is a resident of Walker County, Georgia," and it appears that her change in this status occurred after the infliction of the injury. In that situation the Nonresident Motorist Statute has no application. *Young v. Morrison,* 220 Ga. 127, supra; *Dora-Clayton Agency, Inc. v. Barnhizer,* 119 Ga. App. 23 (165 SE2d 873); *Dill v. Guthrie,* 120 Ga. App. 527 (1) (171 SE2d 359). This is true though the defendant may have two places of residence, one in Georgia and another in a sister state (*Thompson v. Abbott,* 226 Ga. 353 (174 SE2d 904)), or where he temporarily sojourns in another state (*Davis v. Holt,* 105 Ga. App. 125 (123 SE2d 686)), for by its terms that Act precludes service under its provisions on one who is a resident of this state. Indeed there was no effort here to comply with the Nonresident Motorist Act in serving the defendant.

(f)   There is also the Long Arm Statute found in Ga. L. 1966, p. 343, as amended by Ga. L. 1970, p. 443 (Code Ann. § 24-113.1) which permits service on nonresidents in the particular situations stated therein, and "[a] person subject to the jurisdiction of the courts of the State under section 24-113.1 . . . may be served with a summons without the State, in the same manner as service is made within the State, by any person authorized to make service by the laws of the State . . . in which service is made or by any duly-qualified attorney, solicitor, barrister, or equivalent in such jurisdiction." Code Ann. § 24-115. Here no service by publication is authorized and if made it is ineffectual under that Act if an in personam judgment is sought.

Furthermore, the Supreme Court held in *Thompson v. Abbott,* 226 Ga. 353, 357, supra, that where, as here, the defendant was a resident of this state at the time the tort was committed and thereafter removed himself to another state, the Long Arm Statute has no application and service under it cannot lawfully be perfected on the defendant.

(g)   Finally, there is the Civil Practice Act § 4 (e) (1) (iii) (Code Ann. § 81A-104 (e) (1) (iii)), which provides for service by publication

in a specified manner as an alternative service and under which the service here was obviously attempted. However, CPA § 4 (i) (Code Ann. § 81A-104 (i)) provides that "The provisions for service by publication herein provided shall apply in *any action or proceeding in which service by publication now or hereafter may be authorized* by law." Service by publication is not authorized for the obtaining of an in personam judgment in a tort action. *Barnes v. Continental Ins. Co.,* 231 Ga. 246. Cf. *Irons v. American Nat. Bank,* 178 Ga. 160 (5a) (172 SE 629), holding that *"A statute authorizing service of process by publication or otherwise upon absent and nonresident defendants, has no application to suits in personam . . .."* "There is no provision in this State whereby courts may acquire jurisdiction over a defendant by service by publication and then render an in personam judgment against him." *Veal v. General Accident Fire &c. Assur. Corp.,* 128 Ga. App. 610, 611 (197 SE2d 410). And we held in *National Surety Corp. v. Hernandez,* 120 Ga. App. 307 (170 SE2d 318), approved in *Barnes v. Continental Ins. Co.,* 231 Ga. 246, supra, that "There is no provision in the Nonresident Motorists' Act (Code Ch. 68-8) of this state, the 'long arm' statute (Code Ann. § 24-113.1, et seq.), or in the statutes relative to torts (Code, Title 105), for service on a nonresident defendant by publication."

(h) Is a different situation presented here in the light of Ga. L. 1972, p. 882, amending the Insurance Code, § 56-407.1 by adding subsection (e) which does provide for service by publication on a nonresident uninsured motorist, or upon a resident uninsured motorist who may have departed from this state, or who, for some other reason cannot be served with process? The amendment became effective July 1, 1972.

We must conclude that under the holding of the Supreme Court in *Irons v. American Nat. Bank,* 178 Ga. 160 (5a), supra, and in *Barnes v. Continental Ins. Co.,* 231 Ga. 246, supra, this provision for service by publication can apply only in a situation in which an in personam judgment is not sought against the defendant. Any other construction would run counter to the ruling in that case and render the statute unconstitutional. It is our duty to construe a statute as being constitutional if that can be done. *Forrester v. Culpepper,* 194 Ga. 744, 749 (22 SE2d 595).

The language of this amendment to Code Ann. § 56-407.1 is almost identical to that found in CPA § 4 (e) (1), Code Ann. § 81A-104 (e) (1), which we had under consideration in *Veal v. General Accident Fire &c. Assur. Corp.,* 128 Ga. App. 610, supra, where

an injured third party obtained an in personam judgment against a tortfeasor who had left this state, utilizing publication under Code Ann. § 81A-104 (e) (1) as a means of service. We held that the service was invalid in that action, and the judgment, being one in personam, was void, and thus could not furnish the basis for bringing a suit against the insurer. The principle or issue there and here is the same; only the facts differ.

The service by publication here, therefore, is not a valid one and could not authorize an in personam judgment as sought in this proceeding.

2. The mere filing of the suit does not, of itself, toll the running of the statute of limitation. There must be service on the defendant, and we have held that this must proceed with diligence if the statute is to be tolled by the filing of the action. *Hilton v. Maddox, Bishop, Hayton Frame & Trim Contractors,* 125 Ga. App. 423 (188 SE2d 167). "[T]he mere filing of the petition will not of itself operate to toll the statute of limitation. For, service is also a vital ingredient. (Cit)." *Chance v. Planters Rural Telephone Cooperative,* 219 Ga. 1, 4 (131 SE2d 541).

3. While the bar of the statute of limitation is a personal defense, and as a general rule can be interposed only by the party in whose direct favor it operates, it may be invoked by his privies in law or in contract. *Underwood v. American Book Co.,* 64 Ga. App. 184 (12 SE2d 467). Inasmuch as State Farm had a right under the Uninsured Motorist Statute to file all available defenses in the action, either in its name or in the name of the defendant *(Doe v. Moss,* 120 Ga. App. 762 (172 SE2d 321)), it is a privy in law as to this action, and is entitled to invoke the statute of limitation. This may be done at any time when it appears, either from the pleadings or from the evidence, that the statute has run. *Savannah, F. &c. R. Co. v. Watson,* 86 Ga. 795 (13 SE 156); *Cook v. Rome R. & Light Co.,* 17 Ga. App. 665 (2) (87 SE 1096).

4. It appears that in this in personam action the plaintiffs have the benefit of no statutory method, and we know of no common law method, by which lawful service can be effected on the defendant who, residing in this state when the injury was inflicted, now resides in Tennessee. There has been no waiver. Thus under Code § 3-805, it appears from the record before us that the statute of limitation has not run and thus the orders of dismissal on that ground were error.

Whether for some other reason or on some other ground the action may be dismissed we do not consider or decide.

5. Error is enumerated upon that portion of the trial court's order wherein it is held that the plaintiffs cannot proceed against their uninsured motorist carrier until judgment has been procured against the defendant Talley. We find no error in this holding. "It is a condition precedent to an action against an automobile liability insurance carrier to recover under the provisions of Code § 56-407A on account of injuries and damages to the plaintiff resulting from the negligence of a known uninsured motorist, that suit shall have been brought and judgment recovered against the uninsured motorist." *State Farm Mut. Auto. Ins. Co. v. Girtman*, 113 Ga. App. 54 (147 SE2d 364). See, to the same effect: *Turner v. Associated Indem. Corp.*, 113 Ga. App. 225 (147 SE2d 788); *Smith v. Allstate Ins. Co.*, 114 Ga. App. 127 (150 SE2d 354); *Quattlebaum v. Allstate Ins. Co.*, 119 Ga. App. 791 (168 SE2d 596). This requirement may be waived by the insurer (*United States F. & G. Co. v. Lockhart*, 124 Ga. App. 810 (1) (186 SE2d 362); s. c., 229 Ga. 292 (191 SE2d 59)) but nothing in this record indicates a waiver by the insurer, or can be so construed.

Nothing in this opinion is to be construed as a holding that the plaintiffs could not bring suit against the defendant Talley in the jurisdiction where she lives and can be personally served and obtain a judgment against her there if a verdict is returned in their favor, and thereafter proceed against their uninsured motorist carrier.

*Judgment reversed. Bell, C. J., and Quillian, J., concur. Pannell and Stolz, JJ., disqualified.*

ARGUED JUNE 29, 1973 — DECIDED SEPTEMBER 7, 1973 — REHEARING DENIED SEPTEMBER 26 AND OCTOBER 11, 1973.

*Cook & Palmour, A. Cecil Palmour*, for appellants.
*Frank M. Gleason, Pittman, Kinney, Kemp, Pickell & Avrett, L. Hugh Kemp*, for appellees.