A03A0196. AT&T et al. v. BARNES.
(581 SE2d 260)

BLACKBURN, Presiding Judge.

In this case involving a change in condition claim for certain workers' compensation benefits, AT&T and Gates McDonald (collectively "AT&T") appeal the superior court's holding[1] that workers' compensation benefits payable to Mildred Ware Barnes had been improperly suspended by AT&T. On appeal, AT&T contends that Barnes' claims were barred by the applicable two-year statute of limitation, OCGA § 34-9-104 (b). Because AT&T failed to timely raise its statute of limitation defense, we affirm.

The relevant facts of record show that Barnes was an employee of AT&T who was injured in an accident while at work on February 1, 1993. Although Barnes returned to work for a short period of time following the accident, she eventually stopped going and claimed that she was no longer physically able to perform the duties of her job. At that time, AT&T began paying workers' compensation temporary total disability benefits to Barnes. Sometime thereafter, payments to Barnes under AT&T's workers' compensation program were replaced with payments made under its short term disability plan. Barnes received notice of this modification in a letter dated November 10, 1994. Payments under this short term disability plan continued until

---

[1] A hearing was held on March 25, 2000, but the superior court did not issue an order within 20 days thereafter. As a result, the award was affirmed by operation of law. OCGA § 34-9-105 (b). The superior court later entered an order on April 19, 2002.

Barnes voluntarily retired on August 11, 1996, when, pursuant to a written request, Barnes began collecting a retirement pension. Since the date of her retirement, Barnes has received no sources of income other than her pension and Social Security disability income benefits.

More than two years after her retirement, Barnes filed a hearing request regarding the resumption of her workers' compensation income benefits, arguing that AT&T had improperly suspended them and paid her only certain disability and retirement payments which were less than the workers' compensation benefits. AT&T argues that Barnes' claim is barred by OCGA § 34-9-104 (b) because it was filed "more than two years [after] the date the last payment of income benefits pursuant to Code Section 34-9-261 or 34-9-262 was actually made." AT&T, however, failed to raise this defense in a timely manner, and, as such, this appeal lacks merit.

> The threshold issue [in this case] is a factual question — whether [AT&T] timely raised the applicable statute of limitation defense to [Barnes'] claim. The bar of the statute of limitation is a privilege to the defendant, the benefit of which it may elect to take advantage of or to waive as it pleases. A defendant may not avail itself of an affirmative defense which it failed to present. In a workers' compensation case, *unless asserted no later than the first hearing*, an employer or its insurer waives a statute of limitation defense.

(Citations omitted; emphasis supplied.) *Baugh-Carroll v. Hosp. Auth. of Randolph County.*[2] See also *Woodgrain Millwork/Windsor Wood Windows v. Millender.*[3] In addition, Board Rule 82 (a) explicitly provides that "[a]ny defense as to the time of filing a claim is waived unless it is made *not later than the first hearing.*" (Emphasis supplied.)

The rule that a defense must be raised not later than the first hearing is a long-established one. In *Thigpen v. Hall,*[4] this Court held that the failure of an employer to assert a statute of limitation defense at any time during what was deemed to be the original hearing amounted to a waiver of the defense. Similar holdings were set

---

[2] *Baugh-Carroll v. Hosp. Auth. of Randolph County,* 248 Ga. App. 591, 593 (1) (545 SE2d 690) (2001).

[3] *Woodgrain Millwork/Windsor Wood Windows v. Millender,* 250 Ga. App. 204, 206 (551 SE2d 78) (2001).

[4] *Thigpen v. Hall,* 46 Ga. App. 356 (167 SE 728) (1933).

forth in *Cotton States Ins. Co. v. Studdard*;[5] *Maryland Cas. Co. v. Smith*;[6] and *St. Paul Mercury Indem. Co. v. Oakley*.[7]

Based on both case law and Board Rule 82 (a), AT&T, which had sufficient evidence before it to determine the applicability of a statute of limitation defense at the time, was required to set forth its statute of limitation defense at the first hearing or lose it. The record contains no evidence that AT&T raised the statute of limitation defense at the first hearing. Accordingly, AT&T waived this defense and cannot raise it now.

We acknowledge that, in *House v. Echota Cotton Mills*,[8] we stated: "[T]he defense [of a statute of limitation] is available at any time prior to the award in a workmen's compensation proceeding, when it appears that the time for filing the claim had run, since the proceeding is administrative in character, where formal pleadings by the parties are not required." *House*, however, erroneously cited *Thigpen*, supra, as authority for this position. In light of both the case law discussed above and Board Rule 82 (a), this statement is not an accurate one. Accordingly, to the extent that *House* implies that a statute of limitation defense generally may be raised after the first hearing, it is hereby overruled.

*Judgment affirmed. Smith, C. J., Andrews, P. J., Johnson, P. J., Ruffin, P. J., Eldridge, Barnes, Miller, Ellington, Phipps, Mikell and Adams, JJ., concur.*

DECIDED FEBRUARY 14, 2003 —
RECONSIDERATION DENIED MARCH 13, 2003 — ■■■■■■

*Whiteman & Hamilton, Charles C. Hamilton*, for appellants.
*LaXavier Reddick-Hood*, for appellee.

[5] *Cotton States Ins. Co. v. Studdard*, 126 Ga. App. 217 (190 SE2d 549) (1972).
[6] *Maryland Cas. Co. v. Smith*, 122 Ga. App. 262 (176 SE2d 666) (1970).
[7] *St. Paul Mercury Indem. Co. v. Oakley*, 73 Ga. App. 97 (35 SE2d 562) (1945).
[8] *House v. Echota Cotton Mills*, 129 Ga. App. 350, 352 (2) (199 SE2d 585) (1973).