A03A1166. STEPHENSON v. ROPER PUMP COMPANY et al.
(581 SE2d 741)

ELDRIDGE, Judge.

This is a discretionary appeal from the affirmance by the superior court of the full board and administrative law judge's finding that, under OCGA § 34-9-104, the two-year statute of limitation barred Mickey L. Stephenson's change of condition claim. The affirmance was based on facts that the last payment of income benefits was made on July 10, 1995, for the June 19, 1992 injury to Stephenson's

---

back and the request for change of condition hearing by him, who no longer worked for the employer, was made on September 28, 2000, but Roper Pump Company, the former employer, did not resume payment of benefits and did not controvert the claim based upon the statute of limitation defense under OCGA § 34-9-104 until June 6, 2001, which was more than 81 days after Stephenson's request for a hearing under OCGA § 34-9-221. Finding no error, we affirm.

Stephenson's sole enumeration of error is that the trial court erred in finding that OCGA § 34-9-104, rather than OCGA § 34-9-221 (h), applied to Stephenson's request for resumption of his temporary total disability benefits. We do not agree.

On October 15, 1992, notice of benefits payment was given, which benefits were paid voluntarily by the Employer/Insurer. On January 13, 1993, Stephenson returned to work but had a 12 percent permanent partial injury to the body as a whole. On July 10, 1995, payment of benefits was suspended. The Employer/Insurer had paid 36 weeks of permanent partial disability benefits. All compensation was paid without an award by the Board. On August 18, 1998, Roper Pump requested a mediation hearing with the Subsequent Injury Trust Fund, which was held. Stephenson went to work for Saul's Machines, where he aggravated his prior condition or received a new injury on September 11, 2000. On September 29, 2000, Stephenson requested a hearing on a TTD against Roper Pump and not Saul's Machines. Roper Pump did not controvert the claim for additional benefits until June 6, 2001, or pay benefits.

On October 16, 2000, the ALJ gave notice of a hearing for November 28, 2000. The hearing was reset for December 28, 2000, then for January 25, 2001, then for March 8, 2001, then for April 26, 2001, and then for June 26, 2001. On June 6, 2001, Roper Pump controverted the claim on statute of limitation grounds under OCGA § 34-9-104 and on a new injury while working with Saul's Machines. On June 8, 2001, the case was again continued. On July 3, 2001, Roper Pump filed its motion for summary judgment based upon the statute of limitation under OCGA § 34-9-104 and requested a hearing. On August 7, 2001, the ALJ granted summary judgment, because any claim for additional benefits was barred by the statute of limitation under OCGA § 34-9-104 and found that such affirmative defense was not barred by failure to file within 81 days under OCGA § 34-9-221 (h). On April 19, 2002, the appellate division adopted the ALJ's findings of fact and conclusions of law. On appeal, the superior court affirmed. On October 11, 2002, this Court granted discretionary appeal.

In *AT&T v. Barnes*, 260 Ga. App. 209 (581 SE2d 260) (2003) (whole court), we held that the failure to raise the defense of the statute of limitation under OCGA § 34-9-104 in a timely manner at or

prior to the first hearing waived such defense. "Based on both case law and Board Rule 82 (a), [the employer], which had sufficient evidence before it to determine the applicability of a statute of limitation defense at the time, was required to set forth its statute of limitation defense at the first hearing or lose it." Id. at 211. Waiver does not occur until discovery of the defense and opportunity to raise this defense at or prior to the first hearing. Id.

> The bar of the statute of limitation is a privilege to the defendant, the benefit of which it may elect to take advantage of or to waive as it pleases. A defendant may not avail itself of an affirmative defense which it failed to present. In a workers' compensation case, unless asserted no later than the first hearing, an employer or its insurer waives a statute of limitation defense.

(Citations, footnotes and emphasis omitted.) *AT&T v. Barnes*, supra at 210.

> [Waiver] may have been true if the defense had not been urged until after an award had been made, but the defense is available at any time prior to the award in a workmen's compensation proceeding, [if it is raised at or prior to the first hearing] when it appears that the time for filing the claim had run, since the proceeding is administrative in character, where formal pleadings by the parties are not required. It is not required that a plea of the statute of limitation be filed, even in a suit at law, prior to a time when the evidence discloses that the matter is barred. The defense against [the employee's] claim was timely invoked and there was no waiver [if the defense was filed at or prior to the first hearing].

(Citations omitted.) *House v. Echota Cotton Mills*, 129 Ga. App. 350, 352-353 (2) (199 SE2d 585) (1973), limited on other grounds, *AT&T v. Barnes*, supra. However, under the facts of this case, no hearing was held prior to the contravention asserting an OCGA § 34-9-104 defense, and no resumed benefits under the changed condition had been paid by the Employer/Insurer. Therefore, such affirmative defense was not waived by the failure to controvert on such basis prior to the first hearing.

The Employer/Insurer neither paid benefits nor controverted the claim for TTD benefits under OCGA § 34-9-221 (b) and (d). In this case, *Meredith v. Atlanta Intermodal Rail Svcs.*, 274 Ga. 809 (561 SE2d 67) (2002), controls, because OCGA § 34-9-221 (d) and not (h) applies under the plain language of the statute when no benefits

have been paid, as in this case, as to the changed physical condition, and because subsection (d) does not act a statute of limitation. Id. at 811; see also *Raines & Milam v. Milam*, 161 Ga. App. 860, 862 (289 SE2d 785) (1982). By controverting late, the Employer/Insurer became subject to a statutory sanction but was not barred from controverting the claim. *Southern Bell Tel. &c. Co. v. Hodges*, 164 Ga. App. 757, 759 (1) (298 SE2d 570) (1982) (subsection (d) is not a "statute of limitation, a statutory estoppel or bar to contest issues but one of sanctions").

> The statute specifies three distinct periods when an employer may file a notice to controvert, with the time running from the date of the employer's knowledge of the injury or death. First, the employer may file a notice under subsection (d) within 21 days of learning about the injury and not pay income benefits until the board issues an award. Second, when the employer has paid benefits to the claimant without a board award, the employer may file a notice under subsection (h) within "60 days of the due date of first payment of compensation," which is 81 days from the date of the employer's knowledge of the injury. Third, subsection (h) also permits the employer that has paid benefits to file a notice more than 81 days after its knowledge of the injury if there has been a change in condition or newly discovered evidence.

(Footnotes omitted.) *Meredith v. Atlanta Intermodal Rail Svcs.*, supra at 810-811.

> OCGA § 34-9-221 (h) applies by its terms only to cases "(w)here compensation is being paid without an award." . . . [W]e hold that an employer is not precluded from presenting a defense to an employee's claim for benefits by its failure to make benefit payments to the employee before filing a notice to controvert that is late under OCGA § 34-9-221 (d).

Id. at 812. In this case, benefits were not being paid on the TTD, although benefits had once been paid prior to 1995 for TTD and for PPD, so that the statutory condition precedent had not been satisfied for subsection (h) to apply instead of subsection (d).

Stephenson would have this Court construe OCGA § 34-9-221 (h) to apply if ever benefits had been voluntarily paid at any time, although benefits were not being paid at the time of the notice of the claim. The General Assembly used the language "[w]here compensation is being paid without an award" in subsection (h) to apply only where such payment is ongoing. See generally *Meredith v. Atlanta*

*Intermodal Rail Svcs.*, supra at 812. In *Carpet Transport v. Pittman*, 187 Ga. App. 463 (370 SE2d 651) (1988), the voluntary benefits were terminated when the employee returned to work, and the employee was terminated within 60 days of return to work. This Court applied subsection (h) in that case although the benefits were no longer being paid. "[S]ubsection (h) protects the employee's right to prompt compensation and continued payments when the claim initially appears valid [to the Employer/Insurer]." *Meredith v. Atlanta Intermodal Rail Svcs.*, supra at 811; see also *Cartersville Ready Mix Co. v. Hamby*, 224 Ga. App. 116, 118 (479 SE2d 767) (1996) ("Given the legislative purpose . . . , it is apparent that the legislature sought to minimize the hardship on the claiming employee and to require swift decisions from the employer regarding whether the claim will be controverted."); *Carpet Transport v. Pittman*, supra at 467 ("[S]ubsection (h) is clearly intended to provide some form of protection to the employee's right to continued receipt of the compensation.") (emphasis omitted). The General Assembly in subsection (h) used a time limit of 81 days to controvert; therefore, it comes within the legislative purpose to treat voluntary payments terminated within 81 days of notice of a claim as coming within subsection (h) instead of subsection (d). See generally *Carpet Transport v. Pittman*, supra at 463. Therefore, when the notice of a claim comes for TTD over five years after the last voluntary benefit payment for PPD, such is not within the intent of the General Assembly to protect the employee's right to prompt compensation under subsection (h). Further, since this is not a situation where the original "claim initially appears valid," but a claim arising from a subsequent employment injury which may be a new injury or may be the aggravation of the original injury, then such change of condition does not come within the legislative purpose of subsection (h), which deals with the same conditions that led to the voluntary benefit payments. *Meredith v. Atlanta Intermodal Rail Svcs.*, supra at 811. Thus, *Carpet Transport v. Pittman* is distinguished as a matter of law and fact from this case.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED MAY 5, 2003.

*Silver & Archibald, Arthur S. Archibald*, for appellant.

*Drew, Eckl & Farnham, Gary R. Hurst, Amy B. Siegel*, for appellees.