## A03A1968. ANDREWS v. STARK.

(592 SE2d 438)

Smith, Chief Judge.

Susie Andrews brought suit against Rondalea Stark to recover damages for injuries resulting from a motor vehicle collision that occurred in Coffee County on September 13, 1999. The trial court granted Stark's motion to dismiss the complaint with prejudice, finding that because Andrews did not exercise the proper diligence in locating and serving Stark, the service did not relate back to the date of filing the complaint, and the suit was therefore time-barred. We agree with this result, and we affirm the trial court's judgment.

Andrews filed her complaint in Coffee County on September 12, 2001, one day before the expiration of the two-year statute of limitation. OCGA § 9-3-33. Stark was personally served[1] in Illinois on December 19, 2002, one year and three months after the complaint was filed. The record shows that on September 14, 2001, the Coffee County Sheriff returned service indicating that Stark was "not to be found in the jurisdiction of" the Coffee County court, noting that Stark had "moved." The record shows no further activity between September 14, 2001, and December 3, 2001, when an answer was filed. Without submitting herself to the court's jurisdiction, Stark's answer raised substantive defenses to Andrews's claims and also alleged that the claim was time-barred, that service of process was insufficient, and that the court lacked personal jurisdiction. The record shows no further activity by Andrews until after Stark filed a motion to dismiss the complaint on August 23, 2002.

After the motion was filed, Andrews again requested that the Coffee County Sheriff attempt service upon Stark. On September 10, 2002, after several more attempts to serve Stark at the address originally provided by Andrews, another return was filed showing that Stark was not to be found within the jurisdiction. The motion to dismiss was heard on February 19, 2003. No sworn testimony was

---

[1] Service was finally accomplished by leaving the summons and complaint with Stark's 16-year-old daughter at Stark's residence, which is proper under OCGA § 9-11-4 (e) (7).

presented, but Andrews presented a printout from the utilities office in Douglas showing all addresses they had for Stark and an affidavit from her counsel stating that "numerous" unsuccessful attempts had been made to locate Stark within Georgia and that he had "recently learned" that Stark "may now be living" in Bloomington, Illinois, where arrangements had been made to serve her. Counsel stated in his place that he had done an Internet search and had gone through telephone books to find Stark. He also indicated that as a precaution, he had also served the Georgia Secretary of State under Georgia's Nonresident Motorist Act.

1. Andrews contends the trial court erred in granting Stark's motion to dismiss because under OCGA § 9-3-94 the statute of limitation was tolled during Stark's absence from the state. "An action for injury to the person must be brought within two years after the right of action accrues. The statute is tolled, however, where the defendant removes himself to another state, until he returns to this state to reside." (Citations omitted.) *Railey v. State Farm &c. Ins. Co.*, 129 Ga. App. 875, 877 (1) (a) (201 SE2d 628) (1973). But this tolling

> applies only if the removal makes it impossible to perfect service on the defendant. It has generally been held that if process could be lawfully served on the defendant, thus enabling the plaintiff to proceed with his action, the period of the defendant's absence from the state is not to be excluded from the period of limitation, and the statute continues to run during the absence. Whether the statute of limitation has run, therefore, is dependent upon whether plaintiffs had available a method of perfecting lawful service on the defendant, though she has removed herself to another state and no longer resides in this state.

(Citations omitted.) Id. at 877 (1) (b), (c).

Here, Andrews's counsel stated in his place that he availed himself of Georgia's Nonresident Motorist Act, OCGA §§ 40-12-1 through 40-12-8. No return of service upon the Secretary of State is included in the record. But even assuming that a return of service was made, the Nonresident Motorist Act does not apply when the defendant was a resident of Georgia at the time of the tort. *Railey*, supra at 878 (1) (e). Andrews has not shown that Stark was not a resident of Coffee County when the collision occurred. Further, Andrews alleged in the complaint that Stark was "currently residing" in Coffee County.

The Georgia Long Arm Statute, OCGA §§ 9-10-90 through 9-10-94, however, permits service on nonresidents in certain situations.

And in *Crowder v. Ginn*, 248 Ga. 824 (286 SE2d 706) (1982), our Supreme Court overruled previous case law to hold that

> the due process clauses of our state and federal constitutions do not preclude defining the term "nonresident" for purposes of our Long Arm Statute so as to include a defendant who was a resident of Georgia on the date of an automobile collision in Georgia but who had become a resident of another state by the day on which he personally was served with process in the other state in accordance with the statute.

Id. at 825. The Long Arm Statute was therefore available to Andrews. "Tolling occurs only when service has become impossible to make. [Cit.]" *South v. Montoya*, 244 Ga. App. 52, 53 (2) (537 SE2d 367) (2000). The statute of limitation therefore was not tolled because of Stark's removal from this state.

2. Andrews also contends the trial court erred in finding that she failed to exercise due diligence in perfecting service on Stark. As the plaintiff, Andrews had "the burden of showing that due diligence was exercised." *Mann v. Atlanta Cas. Co.*, 215 Ga. App. 747, 749 (452 SE2d 130) (1994). The sufficiency of service is a question for the trial court, whose determination will not be disturbed on appeal if it is supported by evidence. *Exum v. Melton*, 244 Ga. App. 775, 778 (3) (536 SE2d 786) (2000).

Here, Andrews did not carry her burden. Some evidence supported the trial court's conclusion that she was not sufficiently diligent. Andrews had "the responsibility to investigate and learn where the defendant may be located and served." (Citations omitted.) *Patterson v. Johnson*, 226 Ga. App. 396, 398 (486 SE2d 660) (1997). When Stark's answer was filed in December 2001 presenting the defense of insufficient service of process, the standard was raised. Andrews was on notice of the defense, and she was "obligated to exercise, not due diligence, but the greatest possible diligence to ensure proper and timely service." (Citations and punctuation omitted.) Id.

The record fails to show any further investigation by Andrews until after Stark's motion to dismiss was filed, approximately one year after the filing of the complaint. And that "investigation" was simply another request to the sheriff to attempt again to serve a defendant as to whom the first attempt at service failed because the defendant had "moved." The record does not affirmatively show when Andrews first sought other addresses for Stark from the utilities office in Coffee County, but it does show that the list of addresses obtained from the utilities office was printed on September 16, 2002. The record does not reveal the dates on which any other attempts or

investigations were made. Under these circumstances, the trial court did not abuse its discretion in granting Stark's motion to dismiss.

*Judgment affirmed. Ruffin, P. J., and Miller, J., concur.*

DECIDED DECEMBER 16, 2003.

*Johnny L. Litman*, for appellant.
*John T. Croley, Jr.*, for appellee.