**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 24 1998**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

# UNITED STATES COURT OF APPEALS
## TENH CIRCUIT

CHARLES HABERMEHL and
FRANCES HABERMEHL,

      Plaintiffs-Appellants,

v.

      No. 97-8065

MICHAEL POTTER,

      Defendant-Appellee,

Appeal from the United States District Court
for the District of Wyoming
(D.C. No. 96-CV-267)

Submitted on the Briefs:

Mark E. Macy of Bayless, Slater & Macy, P.C., Cheyenne, Wyoming, for
Plaintiffs-Appellants.

Gary R. Scott of Hirst & Applegate, P.C., Cheyenne, Wyoming, for Defendant-
Appellee.

Before **SEYMOUR**, Chief Judge, **BRISCOE** and **MURPHY**, Circuit Judges.

**SEYMOUR**, Chief Judge.

Charles and Frances Habermehl brought this diversity tort suit in Wyoming against Michael Potter, a resident of Michigan. The district court granted Mr. Potter's motion for summary judgment, ruling that the action had not been commenced within the applicable statute of limitation. The Habermehls appeal and we affirm.[1]

On October 14, 1992, Mr. Habermehl was injured while on a hunting trip near Rawlins, Wyoming, when Mr. Potter allegedly lost his balance and fell on him. The Habermehls filed the complaint in this diversity action in the federal district court in Wyoming on October 15, 1996, the last day for timely filing under the statute of limitations governing Wyoming tort actions. See WYO. STAT. ANN. § 1-3-105(a)(iv)(C) (Michie 1997). Mr. Potter was not served with the summons and complaint until January 30, 1997. The district court granted summary judgment in favor of Mr. Potter on the ground that the action was not timely under Rule 3(b) of the Wyoming Rules of Civil Procedure, which deems the date of service to be the date of commencement of the action when a defendant is not served within sixty days of the filing of the complaint. See Wyo.

---

[1]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

R. Civ. P. 3(b).  The Habermehls contend on appeal that the district court should have tolled the statute of limitations for 120 days under Rule 4(m) of the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 4(m).[2]

We review the grant or denial of summary judgment de novo, applying the same standards as the district court.  See Lowe v. Angelo's Italian Foods, Inc., 87 F.3d 1170, 1173 (10th Cir. 1996).  Summary judgment is appropriate if the evidence before the court, when viewed in the light most favorable to the nonmoving party, demonstrates that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law.  See Seymore v. Shawver & Sons, Inc., 111 F.3d 794, 797 (10th Cir. 1997).

In Walker v. Armco Steel Corp., 446 U.S. 740 (1980), the Supreme Court held that unless there is a direct conflict between a federal rule and state law, the state law applies in diversity actions.  Id. at 752.  The Habermehls contend that

---

[2]Rule 4(m) provides:

> If service of the summons and complaint is not made
> upon a defendant within 120 days after the filing of the
> complaint, the court, upon motion or on its own
> initiative after notice to the plaintiff, shall dismiss the
> action without prejudice as to that defendant or direct
> that service be effected within a specified time; provided
> that if the plaintiff shows good cause for the failure, the
> court shall extend the time for service for an appropriate
> period.

Fed. R. Civ. P. 4(m).

Rule 4(m) directly conflicts with Wyoming Rule 3(b) in that Rule 4(m) gives a plaintiff 120 days after filing the complaint to serve the defendant whereas Wyoming Rule 3(b) requires service within sixty days in order to maintain the date of filing as the date of commencement of the action for statute of limitations purposes. We are not persuaded there is a direct conflict between the two rules. Federal Rule 4(m) merely sets a *procedural* maximum time frame for serving a complaint, whereas Wyoming Rule 3(b) "is a statement of a substantive decision by that State that actual service on, and accordingly actual notice by, the defendant is an integral part of the several policies served by the statute of limitations." Walker, 446 U.S. at 751 (applying Oklahoma law). See also Jenkins v. City of Topeka, 136 F.3d 1274, 1275 (10th Cir. 1998) (applying Kansas law); Rosa v. Cantrell, 705 F.2d 1208, 1211 (10th Cir. 1982) (applying Wyoming law).

In light of Walker, the application of Rule 4(m) in a diversity action is determined by the following considerations:

> When a federal court is sitting in diversity jurisdiction, the effect of Rule 4[(m)[3]] will depend upon the method the forum state uses to toll the statute of limitations. If the forum state has adopted a regime modeled after the federal rules, the statute of limitations likely will be tolled by the filing of the complaint . . . .

---

[3]Rule 4 was substantially revised and reorganized in 1993. See Fed. R. Civ. P. 4 advisory committee's note (1993 Amendments). Much of the language previously contained in subdivision (j) was retained and moved to subdivision (m). See id.

In many states, however, the service of the summons and complaint, and not the filing of the complaint with the court, tolls the limitations period. The federal courts hearing diversity actions in these states must apply the state tolling procedures as a result of the Supreme Court decision in Walker v. Armco Steel Corp.

4A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 1137, at 396 (2d ed. 1987) (footnote omitted). As the court recognized in Eades v. Clark Distrib. Co., 70 F.3d 441, 443 (6th Cir. 1995), a plaintiff in federal court thus has 120 days to effect service after filing a complaint only if this period enables him to serve within the statutory period for commencing an action controlled by state law. See also 4A Wright & Miller, supra, §1137, at 396 ("If the litigant fails to serve process within 120 days of filing or if the litigant fails to serve before the expiration of the applicable state statute of limitations, then the action may be dismissed.").

Under Wyoming Rule 3(b), the date of service of the complaint is deemed to commence the action for statute of limitation purposes if the complaint is not served within 60 days. In this case, the Habermehls served the complaint 107 days after filing it. Because of the failure to serve within sixty days, the action is deemed to have commenced on the date of service, which was 106 days beyond the statute of limitations period. The Habermehls alleged no facts which would

cause the statute of limitations to be tolled under Wyoming law,[4] and the action is therefore barred.

We **AFFIRM** the district court's order granting summary judgment in favor of Mr. Potter and dismissing the case with prejudice.

---

[4]Mr. Potter has resided at the same address – the address at which he was ultimately served – for approximately twenty-seven years. Mr. Habermehl's counsel phoned the sheriff's office in Mr. Potter's county of residence on the date the complaint was filed and obtained that very address. Finally, Mr. Habermehl's attorney had sent a letter to Mr. Potter's Michigan address (absent the street number) in 1993, which Mr. Potter received. According to the Wyoming Supreme Court, if a plaintiff has knowledge of the non-resident's location and that person is subject to the state's jurisdiction under its long-arm statute, the statute of limitations is not tolled under WYO. STAT. § 1-3-116. See Stanbury v. Larsen, 803 P.2d 349, 351 (Wyo. 1990).