Robert C. TORRE; Sherrill M. Polk, Plaintiffs–Appellants,

v.

James R. BRICKEY, Jr., Defendant–Appellee.

No. 00–35910.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2001.*

Filed Jan. 24, 2002.

---

**5.** Section 4403 of the California Commercial Code parallels section 4–403 of the Uniform Commercial Code.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

918

Robert C. Torre and Sherrill M. Polk, Vancouver, WA, plaintiffs-appellants, pro se.

James R. Brickey, Jr., Roseburg, OR, defendant-appellee, pro se.

Before: MICHAEL DALY HAWKINS, A. WALLACE TASHIMA, and RONALD M. GOULD, Circuit Judges.

## OPINION**

PER CURIAM.

Robert C. Torre and Sherrill M. Polk (plaintiffs) appeal *pro se* the district court's grant of summary judgment in favor of defendant. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## BACKGROUND

On October 18, 1999, plaintiffs filed a complaint against defendant, invoking the district court's diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Plaintiffs alleged that defendant, their former neighbor, committed an intentional battery against them on October 20, 1997. Plaintiffs did not serve defendant with summons until February 15, 2000, nearly four months after they filed their complaint.

Defendant moved for summary judgment contending that the action was untimely because it was not commenced within two years of the alleged battery. Under Oregon law, summons must be served within 60 days of filing the complaint in order for the action to commence as of the date the complaint is filed. The district court, applying Oregon law, held that the action was not commenced until February 15, 2000, when the summons was served, rather than on October 18, 1999, when the complaint was filed, because plaintiffs failed to serve the summons within 60 days of filing the complaint.

## STANDARD OF REVIEW

▇ We review de novo a grant of summary judgment. *Margolis v. Ryan*, 140 F.3d 850, 852 (1998). Viewing the evi-

---

** By a separately-filed order, the memorandum disposition, filed on August 29, 2001, *Torre v.* *Brickey,* 2001 WL 1006090 (9th Cir.2001), has been withdrawn.

dence in the light most favorable to the non-moving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law. *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir.2000) (en banc). Whether state or federal law applies to a particular issue in a diversity action is a question of law which we also review de novo. *Olympic Sports Prods., Inc. v. Universal Athletic Sales Co.,* 760 F.2d 910, 912 (9th Cir.1985).

## DISCUSSION

Oregon Revised Statutes § 12.110(1) requires an action for battery to be commenced within two years.[1] Oregon Revised Statutes § 12.020 provides that an action is not commenced until both filing of the complaint and service of summons on the defendant are accomplished, except that an action is deemed to have been commenced on the date the complaint is filed, if summons is served on the defendant within 60 days of filing the complaint.[2]

On the other hand, Federal Rule of Civil Procedure 3 provides that "[a] civil action is commenced by filing a complaint with the court." And Federal Rule of Civil Procedure 4(m) provides a 120–day period from the filing of the complaint within which to serve summons and complaint upon the defendant. Plaintiffs contend that there is a conflict between the state and federal service requirements, and that

the federal rule should control. Here, because the complaint was filed within two years of the event, as required by the Oregon statute of limitations, and the summons was served within 120 days thereafter, as required by Rule 4(m), plaintiffs further contend that the action was timely commenced.

■ Absent a direct conflict between a federal rule and state law, state law applies in diversity actions. *Walker v. Armco Steel Corp.,* 446 U.S. 740, 752, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980). The Tenth Circuit has held that there is no conflict between Rule 4(m) and a state statute of limitations virtually identical to the one at issue here. *See Habermehl v. Potter,* 153 F.3d 1137, 1139 (10th Cir.1998). We agree with the Tenth Circuit's analysis and follow it in order to avoid an inter-circuit split. *See United States v. Chavez–Vernaza,* 844 F.2d 1368, 1374 (9th Cir.1987) (stating that, absent a strong reason to do so, this court will not create an inter-circuit conflict).

■ There is no conflict between Rule 4(m) and Oregon law because "Rule 4(m) merely sets a *procedural* maximum time frame for serving a complaint, whereas [Or.Rev.Stat. § 12.020] 'is a statement of a substantive decision by that State that actual service on, and accordingly actual notice to, the defendant is an integral part of the several policies served by the statute of limitations.'" *Habermehl,* 153 F.3d at 1139 (quoting *Walker,* 446 U.S. at 751, 100

---

**1.** An action for assault, battery, false imprisonment, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years....

   Or.Rev.Stat. § 12.110(1).

**2.** (1) Except as provided in subsection (2) of this section, for the purpose of determining whether an action has been commenced within the time limited, an action shall be deemed commenced as to each defendant, when the

complaint is filed, and the summons served on defendant....

   (2) If the first publication of summons or other service of summons in an action occurs before the expiration of 60 days after the date on which the complaint in the action was filed, the action against each person of whom the court by such service has acquired jurisdiction shall be deemed to have been commenced upon the date on which the complaint in the action was filed. Or.Rev.Stat. § 12.020(1) & (2).

S.Ct. 1978) (emphasis in the original). "[A] plaintiff in federal court thus has 120 days to effect service after filing a complaint only if this period enables him to serve within the statutory period for commencing an action controlled by state law." *Id.* Thus, because there is no conflict between the federal rule and state law, state law should apply. *See Walker,* 446 U.S. at 752–53, 100 S.Ct. 1978. Under Oregon law, the action was not commenced until February 15, 2000, the date defendant was served with summons, and a date more than two years after October 20, 1997, the date the alleged battery was committed. The district court therefore correctly applied Oregon law and properly dismissed the action as time-barred.[3] *See* Or.Rev. Stat. §§ 12.020, 12.110.

Accordingly, we affirm the district court's order granting summary judgment in favor of defendant and dismissing the action with prejudice.

**AFFIRMED.**

---

**3.** Plaintiffs' contentions that they timely served defendant by serving defendant's former attorney and that defendant waived the statute of limitations defense have been considered and are rejected as without merit.