EQUAL EMPLOYMENT OPPOR-
TUNITY COMMISSION,
Plaintiff–Appellee,

v.

Richard O. KIDMAN; Shauna Kidman,
dba/RD's Drive In/Exxon,
Defendants–Appellants,

v.

Doretta Benally; Roxanne Cahoon;
Freda Douglas; Elva Josley Begay,
Plaintiff–Intervenors–Appellees.

Equal Employment Opportunity
Commission, Plaintiff–
Appellant,

v.

Richard O. Kidman; Shauna Kidman,
dba/RD's Drive In/Exxon,
Defendants–Appellees,

v.

Doretta Benally; Roxanne Cahoon;
Freda Douglas; Elva Josley Begay,
Plaintiff–Intervenors.

Nos. 04–17005, 04–17489.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 16, 2006.*

Filed April 23, 2007.

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

Mary Joleen O'Neill, Esq., Equal Employment Opportunity Commission, Phoenix, AZ, Susan R. Oxford, Esq., EEOC–OSC/Appellate Services, Washington, DC, for Plaintiff–Appellee.

William Perry Pendley, Esq., Joseph F. Becker, Esq., J. Scott Detamore, Esq., Mountain States Legal Foundation, Lakewood, CO, for Defendants–Appellants.

Franklin J. Hoover, Michael Hinson, Mangum, Wall, Stoops & Warden, P.L.L.C., Flagstaff, AZ, for Plaintiff–Intervenors–Appellees.

Before: WALLACE and BYBEE, Circuit Judges, and PREGERSON **, District Judge.

MEMORANDUM ***

Richard and Shauna Kidman, dba as RD's Drive in/Exxon, appeal the district court's order enforcing a settlement agreement between the Kidmans, four of their

** The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

employees, and the EEOC.[1] The Kidmans asked their employees at RD's to sign an English-language-only policy. Four employees refused and brought an action with the EEOC against the Kidmans, alleging violations of Title VII. On September 3, 2003, the parties participated in a settlement conference before a federal magistrate judge. At the end of the day, they represented that they had reached a settlement.

Over the following weeks, however, the parties disputed whether various terms belonged in the agreement. The district court held an evidentiary hearing to determine two issues: whether the parties had reached a settlement on September 3, and if so, the terms of the settlement. After a two-day hearing, the district court issued an order finding that the parties had agreed to a settlement with nine terms.

On appeal, the Kidmans argue that four non-agreed-to terms—terms that they did not want as part of the settlement—were material to the agreement reached during the September 3 conference. Consequently, they assert, there was no meeting of minds on all material terms and the district court therefore erred in enforcing the September 3 agreement.

■ As a threshold matter, the Kidmans contend that the district court improperly applied federal common law in determining that the parties had reached a settlement. We review a district court's choice of law *de novo*. *Torre v. Brickey,* 278 F.3d 917, 919 (9th Cir.2002). In *Stroman v. W. Coast Grocery Co.,* 884 F.2d 458, 461 (9th Cir.1989), we stated that "[t]he interpretation and validity of a release of claims under Title VII is governed by federal law." *Stroman* explained that the creation of a federal rule, rather than absorption of a state rule, is appropriate where the rights of the litigants and the operative legal policies derive from a federal source. *Stroman,* 884 F.2d at 461 (citing *Fulgence v. J. Ray McDermott & Co.,* 662 F.2d 1207, 1209 (5th Cir.1981)(affirming a district court order enforcing an oral Title VII settlement agreement)). Therefore, we find that the district court properly applied federal common law in determining that the parties reached a settlement.

■ Common law requires a meeting of the minds on all material terms before a settlement agreement can be reached. *See Callie v. Near,* 829 F.2d 888, 891 (9th Cir.1987); Restatement (Second) Contracts § 17. It also requires that the parties manifest an objective intent to be bound by the settlement. *Id.* The Kidmans argue that they did not manifest an intent to be bound by the terms of the September 3 agreement.

The district court conducted a two-day evidentiary hearing in which it considered 52 documents and the testimony of seven witnesses. The district court found that the Kidmans could not be believed when they testified that they would not have formed or manifested an intent to be bound absent a written and signed document. Courts accord particular deference to findings based on a district court's determination of witness credibility. *Anderson v. Bessemer City, N.C.,* 470 U.S. 564, 575, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) ("[W]hen a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error."). Accordingly, the district

1. The Plaintiff–Intervenors have joined in the EEOC's appeal.

court's holding on this issue is not clearly erroneous.

■ The Kidmans also argue that four terms that they *did not* want included as part of the settlement were in fact material terms. Materiality turns on what the parties considered a fundamental part of settlement at the time of formation. Here, the materiality inquiry is primarily factual. Therefore, we review the district court's materiality determinations for clear error. *See Salve Regina College v. Russell,* 499 U.S. 225, 233, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991); *Tolbert v. Page,* 182 F.3d 677, 681 (9th Cir.1999) (en banc).

We hold that it was not clear error for the district court to find that the four terms in dispute were outside the settlement agreement reached on September 3. The district court appropriately conducted an evidentiary hearing to determine which terms had been important to the parties during the settlement conference. *See, e.g., Callie,* 829 F.2d at 891. In its order, the district court stated that it could enforce the *material* terms of a settlement agreement. The district court then analyzed the various terms in dispute and found nine material terms. There is nothing in the district court's order to indicate that it did not consider the materiality of the four terms in dispute. Furthermore, the district court resolved the dispute over those terms in the Kidmans' favor, and it would be inequitable to permit the Kidmans to use their success as a means of invalidating the settlement. For these reasons, we affirm the district court's finding that these four terms were immaterial to the settlement.

■ The Kidmans further argue that the Arizona Statute of Frauds and the doctrine of anticipatory repudiation bar enforcement of the settlement agreement. However, applying the Statute of Frauds would have undermined the federal prefer-ence for resolving discrimination claims through voluntary agreement of the parties. *See, e.g., Stroman,* 884 F.2d at 460–61; *Moore v. City of San Jose,* 615 F.2d 1265, 1271 (9th Cir.1980). Moreover, anticipatory repudiation is inapplicable in this case because the EEOC did not unequivocally indicate that it would refuse to perform the terms of the settlement; it merely sought to have those terms enforced. *See Kirkland v. Legion Ins. Co.,* 343 F.3d 1135, 1141 (9th Cir.2003).

Finally, on cross appeal, the EEOC contends that the district court erred by failing to enumerate the parties' agreed-upon conditions for any re-adoption of an English-only policy. In essence, the EEOC is not seeking a reversal of the judgment of the district court; it is merely requesting clarification of one of the terms in the order—"term # 4." The district court specifically retained jurisdiction, pending this appeal, to clarify and enforce the terms of the order. (ER 571–72.) Accordingly, we direct the EEOC to the district court for a clarification of term # 4.

Therefore, the judgment of the district court is **AFFIRMED.**

WALLACE, Circuit Judge, dissenting:

The majority and the district court have valiantly tried to conclude a settlement that may or may not exist. I appreciate the efforts but because the district court's findings fall short of what is required for our review, I would vacate the judgment, and remand for further proceedings.

We have held that "a district court has the equitable power to enforce summarily an agreement to settle a case pending before it," but that the "district court may enforce only *complete* settlement agreements." *Callie v. Near,* 829 F.2d 888, 890 (9th Cir.1987) (emphasis in original). A complete settlement agreement is one

where the parties have manifested their mutual asset to all the material terms. *See Doi v. Halekulani Corp.*, 276 F.3d 1131, 1136–40 (9th Cir.2002) (holding that district court did not abuse its discretion by enforcing a settlement agreement where the parties placed the material terms of the settlement agreement on the record in open court).

The district court found that the parties had agreed to nine "material terms," but that "there was specifically no agreement to [four additional] terms." The district court did not specify whether the four non-agreed-to terms were material. If those four terms were material, then the district court lacked equitable authority to enforce any other terms of the settlement. Because I cannot discern whether the district court enforced a complete settlement agreement, the memorandum of decision and order should be vacated and the case remanded for materiality findings on the four additional terms.

The majority states that "[t]here is nothing in the district court's order to indicate that it did not consider the materiality of the four terms in dispute." But how can we review an assumption that the district court made secret findings necessary to its decision? The materiality findings were required. If the district court did not make the findings explicitly, we must vacate and remand.

The majority also contends that because the district court excluded the four disputed terms from the settlement, "[i]t would be inequitable to permit the Kidmans to use their success as a means of invalidating the settlement." The majority puts the cart before the horse. If the four

* This panel unanimously finds this case suitable for decision without oral argument. *See*

disputed terms were material, then there was no settlement to invalidate.