**RETAMCO OPERATING, INC.,**
**Plaintiff—Appellee,**

v.

**Richard CARONE, Defendant—**
**Appellant.**

**No. 06–55598.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 3, 2007.

Filed Feb. 20, 2008.

**626**

Kenneth L. Moes, Archbald and Spray, Santa Barbara, CA, James L. Drought, Esq., Drought Drought & Bobbitt, San Antonio, TX, for Plaintiff–Appellee.

David E.R. Woolley, Esq., David E.R. Woolley Law Offices, Los Angeles, CA, Laura A. Slocumb, Esq., Thomasville, GA, John M. Castillo, Esq., Stumph Craddock Massey & Farrimond, San Antonio, TX, Larry Rothman, Esq., Larry Rothman & Associates, Orange, CA, for Defendant–Appellant.

Before: PREGERSON, NOONAN, and TROTT, Circuit Judges.

## MEMORANDUM *

Richard Carone appeals the district court's decision to grant summary judgment on the issues of liability and damages in favor of Retamco Operating, Inc. He appeals also the district court's denial of his post-judgment motions.

We review de novo a district court's decision to grant summary judgment. *Qwest Commc'ns, Inc. v. City of Berkeley,* 433 F.3d 1253, 1256 (9th Cir.2006). We review for abuse of discretion a district court's decision to deny a motion to amend a judgment filed pursuant to Rule 59(e). *McQuillion v. Duncan,* 342 F.3d 1012, 1014 (9th Cir.2003).

### 1. *Issue Preclusion*

We review de novo the applicability of issue preclusion. *Far Out Prods., Inc. v. Oskar,* 247 F.3d 986, 993 (9th Cir.2001). The Full Faith and Credit statute, 28 U.S.C. § 1738, requires a federal court to apply a state court judgment to the full and same extent as the rendering state would apply it. In Texas, issue preclusion applies when an issue decided in the first action is actually litigated, essential to the prior judgment, and identical to an issue in a pending action. *Tex. Dep't of Pub. Safety v. Petta,* 44 S.W.3d 575, 579 (Tex.2001).

■ Retamco's Texas state court complaint pled only alter ego as a theory of liability, whereas the complaint here pleads "sham to perpetrate a fraud" and "illegal purpose" sufficient to support those theories of liability under Texas' "fair notice" pleading standard. *See Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 898 (Tex.2000).[1] Texas theories of corporate disregard, "sham to perpetrate a fraud" and "illegal purpose", are separate and distinct from alter ego. *Pan E. Exploration Co., v. Hufo Oils,* 855 F.2d 1106, 1132–33 (5th Cir.1988), *superseded on other grounds by* Tex. Bus. Orgs. Code Ann. § 21.223(a)(2) (Vernon 2007)[2];

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Review of the relevant statute and Texas Supreme Court precedent demonstrate "sham to perpetrate a fraud" and "illegal purpose" are viable theories in Texas. *See Willis v. Donnelly,* 199 S.W.3d 262, 272–73 (Tex.2006);

Tex. Bus. Orgs.Code Ann. § 21.223(a)(2) (Vernon 2007).

2. Appellant takes issue with the "superceded on other grounds" language. However, the Texas Code did not alter the distinct theories of corporate disregard, it only limited their application. *See* Tex. Bus. Orgs.Code Ann. § 21.223(a) & (b) (Vernon 2007).

*Fid. & Deposit Co. of Md. v. Commercial Cas. Consultants, Inc.*, 976 F.2d 272, 274–75 (5th Cir.1992). Thus, although the Texas Court adjudged that Carone was not the alter ego of various corporations, issue preclusion does not bar claims of derivative liability against Carone based on theories of corporate disregard not litigated: (1) alter ego theory as to all corporations except Paradigm, Pacific Operators, and Pacific Texas, and (2) "sham to perpetrate a fraud", and (3) "illegal purpose" theories as to the rest.

### 2. *Erie Doctrine*

■ In a diversity action we review de novo a district court's decision to apply federal law. *Torre v. Brickey*, 278 F.3d 917, 919 (9th Cir.2002). Under the *Erie* doctrine, federal courts apply state substantive law and federal procedural law unless the outcome-determinative analysis under the "twin aims of *Erie* " dictate a different result. *Hanna v. Plumer*, 380 U.S. 460, 468, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). Given the facts here, there is little chance of forum shopping and there is no inequitable administration of the laws. As a result, federal law applies.

Because federal law applies, a decision whether to vacate the judgment pursuant to Rule 60(b) or withdraw admissions pursuant to Rule 36 is reviewed only for abuse of discretion. *Jeff D. v. Kempthorne*, 365 F.3d 844, 850 (9th Cir.2004); *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir.1995).

■ The district court did not abuse its discretion in declining to vacate judgment or in declining to withdraw or amend Appellant's deemed admissions because of the rampant discovery abuse in the California litigation attributable to Appellant. Furthermore, the district court did not abuse its discretion in finding Appellant's attorney's declaration disingenuous.

### 3. *Timeliness and Hearsay*

We review de novo the district court's application of the hearsay rules. *United States v. Alvarez*, 358 F.3d 1194, 1214 (9th Cir.2004). We review de novo the district court's application of the Federal Rules of Civil Procedure. *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 932 (9th Cir.2007). Because the federal rules accommodate discovery deadlines that fall on a Sunday, the Third Request for Admissions was timely. *See* FED.R.CIV.P. 6(a). Additionally, because deemed admissions resulting under FED.R.CIV.P. 36 are "conclusively established unless the court on motions permits withdrawal or amendment of the admission," there is no distinction between admissions made expressly and admissions made by default. *See* Fed.R.Civ.P. 36; *see e.g.*, *W. Horizontal Drilling, Inc. v. Jonnet Energy Corp.*, 11 F.3d 65, 70 (5th Cir.1994). Finally, because deemed admissions offered by a plaintiff against a defendant, pursuant to FED.R.CIV.P. 36, are the defendant's own statements and are non-hearsay under 801(d)(2)(A), Appellant's statements can be used against him to establish a conspiracy.

### 4. *Damages*

The Fourth District Court of Appeals in Texas reversed and remanded the state court damages award that was adopted by the district court. *See Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 242 S.W.3d 67 (Tex.App.2007). Accordingly, all issues related to damages must be reversed and remanded to the district court for further determination.

**AFFIRMED** in part **REVERSED** in part, and **REMANDED.** The parties shall bear their own costs on appeal.