**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 25 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WASHIE OUMA, | No. 20-36077 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-01084-HZ |
| v. | |
| TYLER ASHER, President of SAFECO Insurance; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted August 17, 2021[**]

Before:     SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Washie Ouma appeals pro se from the district court's judgment dismissing

his diversity action alleging that defendants engaged in fraud during prior state

court litigation.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo

a dismissal on the basis of the statute of limitations and under Federal Rule of Civil

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Procedure 12(b)(6). *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). We affirm.

The district court properly dismissed Ouma's action as time-barred because Ouma failed to file this action within two years of the alleged fraud, and Ouma failed to allege facts sufficient to demonstrate that equitable tolling applies. *See* Or. Rev. Stat. § 12.110 (two-year statute of limitations for fraud claims); *Torre v. Brickey*, 278 F.3d 917, 919 (9th Cir. 2002) (courts apply the forum state's substantive law when subject matter is based on diversity of citizenship, except to the extent inconsistent with federal law); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (requirements of equitable tolling).

Contrary to Ouma's contention, the district court was not required by Ouma's pro se status to construe Ouma's "Notice to File Civil Suit" as meeting the requirements for commencing an action, which are the filing of a complaint and service of process. *See* Or. Rev. Stat. § 12.020.

We reject as without merit Ouma's contention that the district court made errors in its recitation of the facts of this case.

All pending motions and requests are denied.

**AFFIRMED.**