**Laurinda Michelle RYEL,**
**Appellant (Plaintiff),**

v.

**Jennifer S. ANDERIES, Appellee**
**(Defendant).**

**No. 99-52.**

Supreme Court of Wyoming.

April 7, 2000.

Representing Appellant: Ronald E. Triggs of the Law Offices of Ronald E. Triggs, PC, Cheyenne, Wyoming.

Representing Appellee: Michele K. McKellar of Boley & McKellar, P.C., Cheyenne, Wyoming.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

THOMAS, Justice.

█ The only question to be resolved in this case is whether absence from the state serves to toll the statute of limitations when substituted service of process can be made within the state upon the absent party. Laurinda Michelle Ryel (Ryel) relies upon Wyo. Stat. Ann. § 1–3–116 (Lexis 1999) as tolling the statute of limitations because of the absence from the state of Jennifer S. Anderies (Anderies). Anderies contends that the tolling statute does not pertain in this instance because Ryel could have served Anderies pursuant to Wyo. Stat. Ann. § 1–6–301(a) (Lexis 1999) by serving the Secretary of State. Relying upon *Tarter v. Insco*, 550 P.2d 905 (Wyo.1976), the district court entered an Order Granting Summary Judgment to Anderies because Ryel had not commenced her action within the period prescribed by Wyo. Stat. Ann. § 1–3–105(a)(iv)(C) (Lexis 1999). We hold that the *Tarter* precedent retains its vitality under the present form of the applicable statutes, and we affirm the Order Granting Summary Judgment.

This statement of the issues is found in the Brief of Appellant:

1. Did the court err in dismissing this action prior to the last date for service of process?

2. Did the court err in refusing to reinstate this matter during the time frame that service could be made under the provisions of W.S. § 1–6–301 and/or under its express requirement to locate the defendant?

3. Did the court err in requiring that Anderies be located prior to the reinstitution of this action?

4. Did the court err in finding that the non-resident motorist statute, W.S. § 1–6–301 applied to defendant, who resided in the State of Wyoming at the time the cause of action arose?

5. Did the court err in failing to apply the tolling statute, W.S. § 1–3–116, in the instant action, from 20 January 1995 to 25 September 1998?

This Statement of the Issues is found in the Brief of Appellee:

I. Whether the district court properly dismissed the appellant's complaint with prejudice for failure to commence the action within four years as required by Wyoming Statute § 1–3–105(a)(iv)(C) (1997), Wyoming's statute of limitations governing negligence actions.

II. Whether appellant has filed a brief containing cogent argument and citations of authority sufficient to support reversal.

On the afternoon of January 27, 1994, Anderies' vehicle slid on ice and hit Ryel's vehicle on Del Range Boulevard in Cheyenne. At the time of the accident, Anderies told the investigating officer that, although her driver's license was issued by the state of Ohio, she resided at F.E. Warren Air Force Base. One year later, her husband was transferred from Cheyenne to Andrews Air Force Base in Maryland, and she moved there with him. Later, Anderies' husband was reassigned to a base in Oklahoma, and the couple moved there.

Ryel filed this action, naming Anderies as the defendant, on September 16, 1997. Ryel claimed that she had suffered severe and permanent injuries to her neck and back, chronic headaches and pain, and incapacitating emotional injuries as a result of the accident. Three days later, Ryel learned from the detective agency hired to serve Anderies with a summons and complaint that Anderies no longer resided at F.E. Warren Air Force Base, her last known address in Cheyenne. On January 14, 1998, the district court dismissed Ryel's action without prejudice for failure to serve Anderies.

Ryel petitioned the district court to reopen the case on January 23, 1998, and the district judge wrote on the proposed order, "I will

sign the order when you have located the defendant." Ryel renewed her motion on April 30, 1998, and, on May 5, 1998, the district court entered an Order Reopening Case File Nunc Pro Tunc. That order provided that the file was reopened as of September 16, 1997. Ultimately, Ryel filed an Affidavit in Support of Service by Certified Mail on August 4, 1998. Service by certified mail was asserted to be final on August 27, 1998, four years and seven months after the cause of action accrued and more than eleven months after the Complaint was filed. The district court entered an Order Granting Summary Judgment on December 8, 1998, under Wyo. Stat. Ann. § 1–3–105(a)(iv)(C) and W.R.C.P. 3. Ryel appealed from the Order Granting Summary Judgment in favor of Anderies.

Both of the parties attached affidavits in support of their relative positions to the pleadings on the Defendant's Motion to Dismiss or for Summary Judgment, and the district court correctly ruled that the motion became one for summary judgment pursuant to W.R.C.P. 12(b). *Burlington Northern R. Co. v. Dunkelberger,* 918 P.2d 987, 990–91 (Wyo.1996). The district court ruled that the facts in this case are undisputed. Certainly, with respect to the facts relating to service of process, that ruling is correct. Such cases are ripe for summary judgment.

> Summary judgment is appropriate when no genuine issue of material fact is present and the prevailing party is entitled to judgment as a matter of law. *Hermreck v. United Parcel Service, Inc.,* 938 P.2d 863 (Wyo.1997); *Woodard v. Cook Ford Sales, Inc.,* 927 P.2d 1168, 1169 (Wyo.1996). *See also,* W.R.C.P. 56(c).

*Murphy v. Housel & Housel,* 955 P.2d 880, 883 (Wyo.1998).

■ Here, the material facts are undisputed. This appeal, then, reviews only the district court's determination that the undisputed facts mandate a judgment in favor of State Farm. No deference is given to the district court's conclusions of law. *Martin v. Farmers Ins. Exchange,* 894 P.2d 618, 620 (Wyo.1995).

*Pribble v. State Farm Mut. Auto. Ins. Co.,* 933 P.2d 1108, 1111 (Wyo.1997).

Pursuant to Wyo. Stat. Ann. § 1–3–105(a)(iv)(C), a personal injury action must be brought within four years after the cause of action accrues. For purposes of the statute of limitations, a civil action is commenced the day the complaint is filed, so long as a defendant is served with process within sixty days. If service is not made within sixty days, W.R.C.P. 3 provides:

> (b) When commenced.—For purposes of statutes of limitations, an action shall be deemed commenced on the date of filing the complaint as to each defendant, if service is made on the defendant * * * within 60 days after the filing of the complaint. If such service is not made within 60 days the action shall be deemed commenced on the date when service is made. * * *

When Ryel's complaint was filed on September 16, 1997, the four-year period specified in the statute of limitations had not expired, but Ryel did not obtain service of process on Anderies until August 27, 1998, seven months after the statute of limitations expired. The district court held, in accordance with W.R.C.P. 3, that the action was not commenced until service of process was accomplished and therefore was not brought within the period of the applicable statute of limitations.

Ryel suggests that her injuries did not become apparent until November of 1996 when she was released by her physician to return to work. The police report dated January 27, 1994, the date of the accident, reflects that Ryel complained of injuries to her knee and numbness in her foot. In this instance, the language of *James v. Montoya,* 963 P.2d 993, 995–96 (Wyo.1998) is prophetic:

> A tort cause of action accrues when the plaintiff knows or has reason to know that she has suffered damage due to another's wrongful act. *Ogle v. Caterpillar Tractor Co.,* 716 P.2d 334, 337 (Wyo.1986) (*quoting Anderson v. Bauer,* 681 P.2d 1316, 1321 (Wyo.1984)). The statute of limitations begins to run at that time, even when the consequences of the wrongful act are not fully known until later. *Duke v. Housen,* 589 P.2d 334, 343–44 (Wyo.), *cert. denied,* 444 U.S. 863, 100 S.Ct. 132, 62 L.Ed.2d 86 (1979). James' affidavit makes it clear she

knew of the wrongful act, and knew she had suffered injury as a result, on June 30, 1992, the day she was exposed to the chemicals. Even though she was not fully aware of the extent of her injury until the following spring, her cause of action accrued and the statute of limitations began to run on that date.

Statutes of limitation do not discriminate between the just and unjust claim. They operate regardless of the merits, and courts have no right to deny their operation. *Duke,* 589 P.2d at 340. James' injury occurred on June 30, 1992, and the statute of limitations began to run on this negligence action on that date. Appellants' action was commenced on October 9, 1996, more than four years later. There is no dispute of material fact, and the law is clear that this claim is time barred. The district court was correct in dismissing this case.

Ryel seeks to avoid the clear application of the foregoing rules by contending that after the cause of action accrued, Anderies departed from the state, and the statute of limitations was tolled in accordance with Wyo. Stat. Ann. § 1–3–116:

> If a cause of action accrues against a person when he is out of the state, or has absconded or concealed himself, the period limited for the commencement of the action does not begin to run until he comes into the state or while he is absconded or concealed. If after the cause of action accrues he departs from the state or absconds or conceals himself, the time of his absence or concealment is not computed as a part of the period within which the action shall be brought.

The district court relied upon *Tarter,* 550 P.2d at 910 when Ryel made the same argument in response to the motion for summary judgment. In *Tarter,* we held the tolling statute does not apply where there is another method of service available to the plaintiff.

Anderies asserts there was a substitute method of service available through Wyo. Stat. Ann. § 1–6–301(a), which provides in pertinent part:

> (a) The use and operation of a motor vehicle on any street or highway within Wyoming by any person upon whom service of process cannot be made within Wyoming either personally or by service upon a duly appointed resident agent is deemed an appointment of the secretary of state of Wyoming as the operator's lawful attorney upon whom may be served all legal processes in any proceeding against him, or his personal representative if he be deceased, due to damage or injury to person or property resulting from the operation of a motor vehicle on the streets or highways within this state. Such operation constitutes the operator's agreement that any process served in any action against him or his personal representative has the same legal force and validity as if served upon him or his personal representative within this state.

Ryel argues that the statutory language has changed since *Tarter* was decided and the rule announced in that case is no longer applicable because of those changes.[1] Although the statute enacted at the time of *Tarter* specified "resident" or "non-resident" instead of "any person" as the current version does, "any person" is a term that would include both "resident" or "non-resident," and the change in statutory language does not serve to distinguish *Tarter.*

After the amendment to the statute, this Court decided *Colley v. Dyer,* 821 P.2d 565 (Wyo.1991). In that case, this Court assumed that Wyo. Stat. Ann. § 1–6–301(a) could be invoked in an instance in which a defendant was a resident at the time of the accident. While no problem of the statute of limitations was addressed, it is clear that the teaching of *Tarter* would remain viable to the

---

1. W.S. § 1–52 (1957, 1975 Cum.Supp.) read:
 The use and operation by a non-resident of the State of Wyoming or a resident of this state upon whom service of summons cannot be made within this state, or the agent of such non-resident or resident, of a motor vehicle over or upon any street or highway within the

 State of Wyoming, shall be deemed an appointment by such non-resident or resident of the secretary of state of the State of Wyoming as his true and lawful attorney upon whom may be served all legal processes in any action or proceeding against him * * *.

extent that this statute would serve as a vehicle for effecting service upon the absent defendant. The only possible reconciliation of these two cases is that the statute of limitations was not tolled by Anderies' absence from Wyoming. We hold that the decision of the district court set forth in its Order Granting Summary Judgment is correct.

Anderies has argued as a second premise for affirmance that Ryel filed a brief containing no cogent argument or citations of authority sufficient to support reversal. Our determination that the district court correctly applied the pertinent law in ruling that the action was not brought within the time specified by the pertinent statute of limitations makes it unnecessary and unavailing to address the second argument asserted by Anderies. Suffice it to say that we do not agree, even though we ruled against Ryel, that Ryel did not support her appeal by cogent argument or citations of relevant authority.

The Order Granting Summary Judgment entered in the district court in which the court ruled that the case should be dismissed with prejudice because it was not commenced within the time limit of the statute of limitations is affirmed.