# IN THE SUPREME COURT, STATE OF WYOMING

## 2015 WY 36

**OCTOBER TERM, A.D. 2014**

**March 6, 2015**

JESSICA DIRKS,

Appellant
(Plaintiff),

v.                                                                S-14-0121

KEN JIMENEZ,

Appellee
(Defendant).

*Appeal from the District Court of Laramie County*
*The Honorable Steven K. Sharpe, Judge*

*Representing Appellant:*
Bernard Q. Phelan of The Phelan Law Firm, Cheyenne, Wyoming.

*Representing Appellee:*
George E. Powers, Jr. and Jane M. France of Sundahl, Powers, Kapp & Martin LLC, Cheyenne, Wyoming. Argument by Ms. France.

*Before BURKE, C.J., and HILL, KITE, DAVIS, and FOX, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Justice.**

[¶1]   Jessica Dirks filed a complaint against Ken Jimenez, alleging she was injured when she was a passenger in a vehicle driven by Mr. Jimenez that left the road and rolled several times.  Ms. Dirks served Mr. Jimenez under Wyoming's nonresident motorist statute by serving the Secretary of State and sending a copy by certified mail to the Rock Springs, Wyoming, address for Mr. Jimenez in the accident report, although she had obtained a more current address in discovery in a prior proceeding.  She also notified the attorneys who had represented Mr. Jimenez in the prior proceeding.  The district court found that Ms. Dirks failed to demonstrate due diligence in locating Mr. Jimenez and did not comply with the nonresident motorist statute, and it therefore quashed the attempted service and dismissed the case as untimely.  We affirm.

## ISSUES

[¶2]   1.   Ms. Dirks mailed notice of service to an address which she knew or should have known was no longer valid.  Was the notice sufficient to satisfy the requirements of Wyoming's nonresident motorist statute?

2.   Was notice of service on Mr. Jimenez's former attorney actual notice, sufficient to satisfy the requirements of Wyoming's nonresident motorist statute?

## FACTS

[¶3]   Ms. Dirks filed her first complaint on April 25, 2012, alleging that she had been injured on April 26, 2008, when the vehicle driven by Mr. Jimenez, in which she was a passenger, left the road and rolled several times, causing her injury.  In the course of that proceeding, Mr. Jimenez provided his Defendant's Rule 26 Disclosures which gave his address in Duluth, Minnesota.  The action was dismissed without prejudice on October 11, 2012, by stipulation of the parties, "subject to potential refiling within one (1) year from the dismissal of this action pursuant to W.S. § 1-3-118."

[¶4]   Ms. Dirks filed a new complaint seeking recovery for injuries she sustained in the 2008 accident on October 3, 2013.  Her attorney filed an Affidavit Regarding Service Upon Secretary of State for a Person Outside the State of Wyoming; Mailing to the Last Known Address of the Defendant by Certified Mail, pursuant to Wyo. Stat. Ann. § 1-6-301 (LexisNexis 2013), in which he stated that he filed the complaint and summons with the Secretary of State, and sent a copy by certified mail to Mr. Jimenez at his last known address.  That address, in Rock Springs, Wyoming, was the address for Mr. Jimenez on the 2008 Investigator's Traffic Crash Report.  The attorney's affidavit also stated that a copy of the complaint, summons, and affidavit had been sent to the attorneys who had represented Mr. Jimenez in the first proceeding.

1

[¶5]    The same attorneys entered their appearance on behalf of Mr. Jimenez in the second action, and filed their Motion to Quash Service for Lack of Jurisdiction Due to Insufficiency of Process, Insufficiency of Service of Process and Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted.  The district court agreed that Ms. Dirks had not exercised due diligence in attempting to locate Mr. Jimenez, as required by Wyo. Stat. Ann. § 1-6-301 and *Colley v. Dyer*, 821 P.2d 565, 567 (Wyo. 1991), and it ordered that the attempted service be quashed and the case dismissed as untimely.[1]

[¶6]    Ms. Dirks timely filed this appeal.

## DISCUSSION

[¶7]    We review a district court's decision to grant a motion to dismiss *de novo*. *Courtenay C. & Lucy Patten Davis Found. v. Colo. State Univ. Research Found.*, 2014 WY 32, ¶ 13, 320 P.3d 1115, 1118 (Wyo. 2014) (citing *Ridgerunner, LLC v. Meisinger*, 2013 WY 31, ¶ 10, 297 P.3d 110, 114 (Wyo. 2013)).  Where the facts of service are not in dispute, the issue of adequate service of process is a matter of law and is reviewed *de novo.  Rosty v. Skaj*, 2012 WY 28, ¶ 22, 272 P.3d 947, 955 (Wyo. 2012) (citing *Hoke v. Motel 6 Jackson*, 2006 WY 38, ¶ 6, 131 P.3d 369, 373 (Wyo. 2006)).

[¶8]    Wyo. Stat. Ann. § 1-6-301(a) (LexisNexis 2013) provides for service of process on nonresident motorists.

> Service shall be made by serving a copy of the process upon the secretary of state or by filing such copy in his office, together with payment of a fee of three dollars ($3.00). Within ten (10) days after the date of service, notice of such service and a copy of the process shall be served upon the defendant or his personal representative either personally or by certified mail addressed to the last known address of the defendant or his personal representative. The plaintiff shall file with the clerk of the court in which the action is brought an affidavit that he has complied with such requirement.

[¶9]    Our rules of statutory construction require us to determine the legislature's intent.

---

[1] The reason for the dismissal was that because service had not been accomplished within 60 days of filing the Complaint, the action could not be deemed commenced on the date the Complaint was filed, W.R.C.P. 3(b), and therefore no action was filed within the limitations period.

> We begin by making an inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection. We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe all parts of the statute *in pari materia*. When a statute is sufficiently clear and unambiguous, we give effect to the plain and ordinary meaning of the words and do not resort to the rules of statutory construction.

*Thomas v. Sumner*, 2015 WY 7, ¶ 31, 341 P.3d 390, 399 (Wyo. 2015) (quoting *MF v. State*, 2013 WY 104, ¶ 8, 308 P.3d 854, 857 (Wyo. 2013)).

## I. Ms. Dirks mailed notice of service to an address which she knew or should have known was no longer valid. Was the notice sufficient to satisfy the requirements of Wyoming's nonresident motorist statute?

[¶10]   Because they are in derogation of the common law, we strictly construe nonresident service of process statutes:

> [E]ach step is jurisdictional and a condition precedent to completion of service of process upon a nonresident defendant. The duty to show compliance with a substituted service statute rests with the plaintiff attempting such service. The attorney for a litigant is responsible for strict compliance with the rules and statutes authorizing substituted service.

*Gookin v. State Farm Fire & Cas. Ins. Co.*, 826 P.2d 229, 234-35 (Wyo. 1992) (citations omitted); *see also Midway Oil Corp. v. Guess*, 714 P.2d 339, 342 (Wyo. 1986) ("Since the service of process is the basis upon which jurisdiction is obtained, this court and current law have frequently enunciated the rule that strict compliance with the statute is required."); *In Interest of DG*, 825 P.2d 369, 375 (Wyo. 1992); *In re Estate of Lonquest*, 526 P.2d 994, 998 (Wyo. 1974); *Pease Bros., Inc. v. Am. Pipe & Supply Co.,* 522 P.2d 996, 1003 (Wyo. 1974).

[¶11]   As a threshold matter, we have required "that a diligent effort be made to locate an absent defendant before means of substitute service become available[.]" *Colley*, 821 P.2d at 567.  We described that due diligence standard as

> that which is reasonable under the circumstances and not all possible diligence which may be conceived. Nor is it that diligence which stops just short of the place where if it were continued might reasonably be expected to uncover an address . . . of the person on whom service is sought. . . . Due diligence must be tailored to fit the circumstances of each

case. It is that diligence which is appropriate to accomplish the end sought and which is reasonably calculated to do so.

*Id.* at 568 (quoting *Carlson v. Bos*, 740 P.2d 1269, 1277 n.13 (Utah 1987)).

[¶12] Mr. Jimenez's last known address was in Duluth, Minnesota, and Ms. Dirks did not send the copy of the summons and complaint there. As the district court found, Ms. Dirks' counsel made no further effort to locate Mr. Jimenez:

> [Ms. Dirks'] counsel stated that he did not contact [Mr. Jimenez's] counsel in the previously dismissed suit . . . regarding acceptance of service or to inquire about [Mr. Jimenez's] whereabouts. [Ms. Dirks] did not hire an investigator to aid in locating [Mr. Jimenez] for service of process. [Ms. Dirks] did not review the discovery responses exchanged in [the previously dismissed] suit, which contained a newer address for [Mr. Jimenez] than the one contained in the Investigator's Traffic Crash Report. Plaintiff did not search for [Mr. Jimenez] via a computer or Internet search to obtain a current address before attempting service under Wyo. Stat. Ann. § 1-6-301.

[¶13] We do not suggest that this list of efforts to locate a defendant is required in every case; indeed, in most cases the address in the Investigator's Traffic Crash Report can be reasonably relied upon. Here, however, given the information in Ms. Dirks' possession of a more recent address and the extended passage of time, it was reasonable under the circumstance for her to have attempted at least one of these search efforts to locate Mr. Jimenez.

[¶14] Ms. Dirks failed to make the initial determination whether substituted service was justified. She sent notice of service to Mr. Jimenez at a Rock Springs, Wyoming, address, which raises the question whether any diligent effort was made to determine if the use of the statute for service on "nonresident" motorists was appropriate in the first place. Further, she did not send the notice to Mr. Jimenez's last known address. She failed to exercise due diligence to find any address more current than the one in the 2008 report.[2] Diligence under the circumstances would have included some effort to locate

---

[2] In *Colley*, we suggested that "a party may rely upon the address given to the investigating authorities," and held that reliance on the address in the accident report which contained the trailer park address but not the space number was reasonable. *Colley*, 821 P.2d at 569 n.5. That statement pertained to the precision of the address, and not to the reasonableness of relying solely on the accident report address. The *Colley* court also explained that due diligence requires "more than a simple ascertainment of the last known address. . . . This necessarily involves an attempt to develop and exhaust leads which a person normally leaves behind in the course of living." *Id.* at 568.

4

Mr. Jimenez, including examining discovery documents in her possession. Here, no such effort was demonstrated.

[¶15] We hold that Ms. Dirks' use of Wyo. Stat. Ann. § 1-6-301 and attempted notice of the suit to Mr. Jimenez at the Rock Springs address did not satisfy the statutory requirements.

## II. *Was notice of service on Mr. Jimenez's former attorney actual notice, sufficient to satisfy the requirements of Wyoming's nonresident motorist statute?*

[¶16] Ms. Dirks also mailed a copy of the complaint and summons to the attorneys who had represented Mr. Jimenez in the first action, and who later entered an appearance on his behalf in the second action. They obviously had notice of the action, and presumably had Mr. Jimenez's authorization to appear on his behalf. *See* Wyo. R. Prof. Conduct 1.2, 1.4.

[¶17] Ms. Dirks argued that these facts support a finding that Mr. Jimenez received actual notice of the action against him,[3] which suffices to satisfy the due process standard of service "reasonably calculated" to reach the defendant, citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed 865 (1950). We do not address the constitutional argument because we resolve this case on statutory grounds. *Wilson v. Bd. of Cnty. Comm'rs of Cnty. of Teton*, 2007 WY 42, ¶ 14, 153 P.3d 917, 922 (Wyo. 2007) (discussing "the principle that we will not address constitutional issues if we are able to resolve the case on other grounds").

[¶18] Our rules of civil procedure provide a mechanism for early resolution of a defense of insufficient process or service of process.[4] W.R.C.P. 12(b)(4) and (5) allow the defenses of insufficiency of process and insufficiency of service of process to be made by motion. W.R.C.P. 12(h)(1)(B) provides that those defenses are waived if they are "neither made by motion under this rule nor included in a responsive pleading or an amendment thereof[.]" Mr. Jimenez did exactly as the rule provides and filed Defendant's Motion to Quash Service for Lack of Jurisdiction Due to Insufficiency of Process, Insufficiency of Service of Process and Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted. It would entirely defeat the purpose of these provisions of Rule 12 to find that his ability to file that motion was evidence of actual notice which deprived him of the defense.

---

[3] Ms. Dirks makes no argument that service on Mr. Jimenez's former or future attorneys complies with express service requirements. Indeed, we have stated that "[s]ervice upon a person not authorized to act as such agent for process is not compliance with the fundamental or basic requirements of [W.R.C.P. 4]." *Bryant v. Wybro Fed. Credit Union*, 544 P.2d 1010, 1012 (Wyo. 1976).

[4] "Court rules have the force and effect of law and are construed in the same manner as statutes." *Paxton Res., L.L.C. v. Brannaman*, 2004 WY 93, ¶ 16, 95 P.3d 796, 801 (Wyo. 2004).

[¶19]  We have held that "actual notice" does not satisfy statutory service requirements, stating:

> Numerous authorities hold that personal delivery of a summons to the wrong person does not constitute valid personal service even though the summons shortly comes into the possession of the party to be served. * * * A contrary rule would negate the statutory procedure for setting aside a defectively served summons, since the motion itself is usually evidence that the summons has been received[.]

*Pease Bros.*, 522 P.2d at 1003 (quoting *McDonald v. Ames Supply Co.*, 238 N.E.2d 726, 728 (N.Y. 1968)).  This approach is consistent with our rule of strict construction to nonresident service of process statutes.  *Gookin*, 826 P.2d at 234-35.

[¶20]  We continue to adhere to the rule that notice of service of process under Wyo. Stat. Ann. § 1-6-301 must be accomplished with strict compliance to the statute's requirements.  Notice to an address which the plaintiff should have known was not the "last known address of the defendant," with no diligence exercised to locate a more current address, does not comply with the statute.  Further, "actual notice" to the wrong person does not satisfy the statute's requirements.

[¶21]  Affirmed.

6