Jack "Jared" MILLER; Ellen Thompson, Plaintiffs–Appellants,

v.

Heather JOHNSON, Defendant–Appellee.

No. 15–8096.

United States Court of Appeals, Tenth Circuit.

March 30, 2016.

Jeffrey D. Boyd, Deborah M. Nelson, Nelson Boyd, Seattle, WA, Michael S. Messenger, Messenger & Overfield, Thermopolis, WY, for Plaintiffs–Appellants.

Zenith Star Ward, Buchhammer & Kehl, Cheyenne, WY, for Defendant–Appellee.

Before KELLY, PORFILIO, and BALDOCK, Circuit Judges.

**ORDER AND JUDGMENT** *

PAUL KELLY, JR., Circuit Judge.

Jack "Jared" Miller and Ellen Thompson appeal from a district court order that dismissed their complaint against Heather Johnson with prejudice for insufficient service of process and expiration of the statute of limitations. The issue we must decide is whether Wyoming's nonresident motorist statute, Wyo. Stat. Ann. § 1–6–301(a), covered Johnson, a Wyoming resident who remained in the state but could not be found for personal service by Miller and Thompson. Exercising jurisdiction under 28 U.S.C. § 1291, we conclude that § 1–6–301(a)'s expansive language reaches

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

defendants like Johnson. Thus, we reverse the district court's judgment.

## BACKGROUND

Miller and Thompson are Washington residents. Johnson is a Wyoming resident. On November 17, 2014, Miller and Thompson filed a complaint in federal court against Johnson, alleging that nearly four years earlier, Johnson had rear-ended their vehicle while they were stopped at an intersection in Laramie, Wyoming. Both Miller and Thompson allegedly suffered "closed head injur[ies]." Aplt.App. at 8.

A process server attempted to serve Johnson at multiple locations in Laramie, all without success. A paralegal for Plaintiffs' counsel assisted in trying to find Johnson, ultimately acquiring the phone number for Johnson's boyfriend, but messages left at the number were not returned. Finally, unable to locate Johnson, Plaintiffs accomplished substitute service on the Wyoming Secretary of State on January 15, 2015, utilizing Wyo. Stat. Ann. § 1–6–301. Subsection (a) of the statute, which is often referenced by Wyoming courts as a nonresident motorist statute, provides that any person who operates a motor vehicle within Wyoming and who cannot be personally served within Wyoming consents to service upon the Secretary of State:

> The use and operation of a motor vehicle on any street or highway within Wyoming by any person upon whom service of process cannot be made within Wyoming either personally or by service upon a duly appointed resident agent is deemed an appointment of the secretary of state of Wyoming as the operator's lawful attorney upon whom may be served all legal processes in any proceeding against him, or his personal representative if he be deceased, due to

damage or injury to person or property resulting from the operation of a motor vehicle on the streets or highways within this state. Such operation constitutes the operator's agreement that any process served in any action against him or his personal representative has the same legal force and validity as if served upon him or his personal representative personally within this state.

Wyo. Stat. Ann. § 1–6–301(a).

After learning of the lawsuit, Johnson filed an answer, claiming, among other things, that service was insufficient. Miller and Thompson moved to strike that defense, arguing that § 1–6–301(a) applies to resident motorists like Johnson, and not just to nonresident motorists. Johnson then sought summary judgment, arguing that the four-year statute of limitations had expired without proper service.

The district court[1] construed Johnson's summary-judgment motion as a Rule 12(b)(5) motion to dismiss for insufficient service of process, and it granted the motion. The court explained that § 1–6–301(a) was not the proper vehicle to effect service because "[n]othing in the statute or the legislative history indicates the statute was intended to provide a method for serving a resident defendant who is difficult to find." Aplt.App. at 130. And because the limitations period had expired without Plaintiffs validly serving Johnson, the court dismissed the complaint with prejudice. Nevertheless, the court believed it was "clear [that] Plaintiffs diligently sought [to serve] [Johnson]." *Id.* Finally, the court denied Plaintiffs' motion to strike.

## DISCUSSION

### I. Standards of Review

We review de novo the with-prejudice dismissal of a complaint for the interrelat-

---

1. The parties consented to the case being decided by a magistrate judge.

ed grounds of insufficient service of process and expiration of the controlling statute of limitations. *See Jenkins v. City of Topeka,* 136 F.3d 1274, 1275 (10th Cir. 1998). We review for an abuse of discretion the district court's denial of a motion to strike an affirmative defense. *See Fed. Sav. & Loan Ins. Corp. v. Gemini Mgmt.,* 921 F.2d 241, 244 (9th Cir.1990).

## II. Service under § 1–6–301

In this diversity action, Wyoming law governs operation of the limitations period. *See West v. Conrail,* 481 U.S. 35, 39 n. 4, 107 S.Ct. 1538, 95 L.Ed.2d 32 (1987); *Habermehl v. Potter,* 153 F.3d 1137, 1139 (10th Cir.1998). Wyoming prescribes a four-year limitations period for negligence actions, *see* Wyo. Stat. Ann. § 1–3–105(a)(iv)(C), and a 60–day service period, *see* Wyo. Rule Civ. Proc. 3(b).

Miller and Thompson filed their complaint at the very end of the limitations period and they served the Secretary of State under § 1–6–301(a) fifty-seven days later.[2] Thus, if § 1–6–301(a) cannot be used to serve a resident motorist, Plaintiffs' negligence suit is time barred. Our goal in ascertaining the reach of § 1–6–301(a) "is to predict what the state supreme court would do." *Wade v. EMCASCO Ins. Co.,* 483 F.3d 657, 666 (10th Cir. 2007).

Miller and Thompson rely heavily on *Ryel v. Anderies,* 4 P.3d 193 (Wyo.2000), in which the Wyoming Supreme Court explained the reach of the statute's "any person" language. There, the plaintiff argued that the defendant's absence from the state tolled the statute of limitations in her car-accident case. The defendant, a Wyoming resident at the time of the accident who had left the state a year later, responded that tolling was unavailable be-

cause service could have been made under § 1–6–301(a). Particularly instructive to the instant case, the *Ryel* plaintiff asserted that § 1–6–301(a) was a "non-resident motorist statute" that could not be used for a "defendant[ ] who resided in the State of Wyoming at the time the cause of action arose[.]" *Id.* at 194. The Wyoming Supreme Court disagreed with the plaintiff on two grounds.

First, the court observed that an earlier version of § 1–6–301(a) expressly applied to both "a non-resident of the State of Wyoming or a resident of [Wyoming] upon whom service of summons cannot be made within this state." *Id.* at 196 n. 1 (internal quotation marks omitted). Despite the change in statutory language from "non-resident ... or a resident" to "any person," the court saw no change in the statute's reach. Specifically, the court stated that " 'any person' is a term that would include both 'resident' or 'non-resident.' " *Id.* at 196. Second, the court noted that after the statute's amendment it had decided a case in which it assumed § 1–6–301(a) would apply to a defendant who "was a resident at the time of the accident." *Id.* at 196–97 (citing *Colley v. Dyer,* 821 P.2d 565 (Wyo.1991)).

The district court read *Ryel* as allowing § 1–6–301(a) service on a resident defendant only if the defendant was a resident at the time of the accident but had left the state before being sued. Because Johnson remained in Wyoming, the district court thought that § 1–6–301(a) did not apply. But there is no language in *Ryel* suggesting the statute becomes inapplicable once suit is filed and the resident defendant has remained in the state.

Nor is there any language in the statute basing the availability of substitute service

---

**2.** Federal Rule of Civil Procedure 4(e)(1) allows service upon an individual in accor-

dance with "state law for serving a summons."

on the complaint's filing date in relation to a defendant's presence in or absence from the state. Indeed, it is not unusual for states to allow the use of a nonresident motorist statute for residents who have not left the state and cannot be found after a diligent search. *See, e.g., Harvey v. Obermeit,* 163 Wash.App. 311, 261 P.3d 671, 675 (2011); *Alvarado v. Cisneros,* 919 So.2d 585, 589 (Fla.Dist.Ct.App.2006); *Browning v. Dixon,* 114 Nev. 213, 954 P.2d 741, 743 (1998); *Keller v. Crase,* 768 P.2d 905, 906 (Okla.1989). Also, it is not difficult for states, if they so choose, to expressly limit the reach of their nonresident motorist statutes to nonresidents, *see, e.g., Andrews v. Stark,* 264 Ga.App. 792, 592 S.E.2d 438, 440 (2003), or to nonresidents and residents who have left the state, *see, e.g., Lund v. Hall,* 938 P.2d 285, 289 (Utah 1997).

Wyoming chose expansive language, "any person upon whom service of process cannot be made within Wyoming either personally or by service upon a duly appointed resident agent." Wyo. Stat. Ann. § 1–6–301(a). A resident defendant who has departed Wyoming would be covered by the statute's plain language, as would a resident defendant who cannot be located despite not departing. *See Mathewson v. City of Cheyenne,* 61 P.3d 1229, 1232 (Wyo.2003) (stating that a court must "give effect to the plain meaning of the language of the statute"). Johnson falls in the latter category.

In concluding that Johnson could not be served under § 1–6–301(a), the district court relied most heavily on the fact that the statute resides in the Wyoming Statutes under the heading, "Service on Nonresident Motorists." *See* Wyo. Stat. Ann. tit. I, ch. 6. art. 3. But the heading given a statute by a compiler does not dictate the statute's meaning. *See Babbitt v. State,* 26 Wyo. 27, 174 P. 188, 190 (1918); *cf. City of*

*Cheyenne v. Bd. of Cty. Comm'rs,* 290 P.3d 1057, 1061 (Wyo.2012) (observing that the title of a statute "cannot overcome the plain intent manifested in the language used in the" statute (internal quotation marks omitted)). Moreover, the Wyoming Supreme Court's observation in *Ryel* that the statute reaches residents as well as nonresidents overrides the compiler's heading.

Johnson seeks to buttress the district court's interpretation of § 1–6–301(a) first by directing our attention to *Dirks v. Jimenez,* 344 P.3d 262 (Wyo.2015). There, the Wyoming Supreme Court held that the plaintiff had not diligently attempted to locate the nonresident defendant before resorting to § 1–6–301(a). In so holding, the court "question[ed] whether any diligent effort was made to determine if the use of the statute for service on 'nonresident' motorists was appropriate," given that the plaintiff had sent notice of substituted service to a Wyoming address. *Id.* at 266. Johnson suggests the court's question shows that § 1–6–301(a) applies only to nonresident defendants. We do not agree. The statute's reach was not at issue in *Dirks.* Indeed, the statutory language specifying who can be served appears nowhere in *Dirks.* Nor is there any reference to *Ryel.* Moreover, the court's question about diligence in serving the nonresident defendant at a Wyoming address is understandable, given that the plaintiff "knew or should have known" the defendant's last known address was in Minnesota. *Id.* at 264.

Next, Johnson requests that we examine the statute's legislative history. Ordinarily, resort to legislative history is reserved for ambiguous statutes, *see Mathewson,* 61 P.3d at 1232, and we discern little ambiguity in § 1–6–301(a)'s broad language. The statute applies to *"any person"* who cannot be personally served within Wyoming.

Two reasons immediately come to mind as to why such service might fail—either the person has departed the state or the person simply cannot be located despite not departing.

Even if § 1–6–301(a) were ambiguous, Johnson identifies (and we have found) no legislative history indicating that the statute does not reach defendants like herself. Instead, she relies on the Wyoming legislature's general characterization of the statute as a nonresident motorist act. *See State Farm Mut. Auto. Ins. Co. v. Kunz*, 186 P.3d 378, 381 (Wyo.2008) (reviewing the legislative history of § 1–6–301 to decide whether subsection (c) discusses jurisdiction or venue, and stating that the "general purpose of the statute was to ... afford redress to persons injured within the state as a result of the operation of a motor vehicle therein by a non-resident" (internal quotation marks omitted)). That general characterization, however, does not answer the question before this court—whether a resident defendant who has not departed the state is amenable to substitute service. The statute's own language applied initially to both "non-resident[s]" and "resident[s] of this state," *Ryel*, 4 P.3d at 196 n. 1, and presently applies to "any person" within Wyoming, Wyo. Stat. Ann. § 1–6–301(a). The limited legislative history—like the compiler's headnote—is therefore not determinative.

Finally, Johnson contends that the availability of an alternate form of service—publication—shows that § 1–6–301(a) applies only to nonresidents. Wyoming allows service by publication in a variety of circumstances, including "where the defendant, being a resident of this state, has departed from the county of residence with the intent to delay or defraud the defen-

dant's creditors, or to avoid the service of process, or keeps concealed with like intent[.]" Wyo. Rule Civ. Proc. 4(e)(6). But Johnson does not explain how the availability of publication service under Rule 4(e)(6) necessarily supplants substitute service under § 1–6–301(a). The statute says nothing of publication service, "and [we] will not supply words in the process of interpretation." *Fullmer v. Wyo. Emp't Sec. Comm'n*, 858 P.2d 1122, 1124 (Wyo. 1993). Nor will we craft a party's arguments. *See Perry v. Woodward*, 199 F.3d 1126, 1141 n. 13 (10th Cir.1999).

Given that § 1–6–301(a) reaches "any person" who cannot be personally served within Wyoming, Miller and Thompson properly resorted to the statute to serve Johnson, a resident defendant who remained in the state but could not be found for personal service. The district court therefore erred in dismissing Miller's and Thompson's complaint.[3]

### CONCLUSION

The judgment of the district court is reversed, and the case is remanded for further proceedings.

---

**3.** Given that the district court based its dismissal on the interpretation of § 1–6–301(a)'s reach, we do not reach Miller's and Thomp-

son's arguments about evasion of service and tolling.